The State of Kansas v. Asal Adkins *et al.*

Highway—*Dedication, Not Proven.* To constitute a dedication of a public highway, an intention on the part of the owner to dedicate is absolutely essential, which must be clearly and unequivocally shown; and it is *held* that the facts in the present case are insufficient to prove a dedication.

*Appeal from Cloud District Court.*

The opinion states the case.

*L. J. Crans*, for appellants.

*L. B. Kellogg*, attorney general, for The State.

The opinion of the court was delivered by

Johnston, J.: The appellants were prosecuted for malicious trespass. They were charged with willfully and maliciously pulling down and destroying a gate and fence, not their own,

which were upon the land of W. B. Williams, the prosecuting witness. The taking down and removal of the fence were admitted by the appellants, and they claimed in justification that the gate and fence were standing on and obstructing a highway, and, desiring to pass over the highway, they removed the obstruction. At the trial, which was had without a jury, at the February term, 1889, they were found guilty, and each was sentenced to pay a fine of $1, and the costs of the prosecution..

The only question to be determined upon this appeal is the existence of a highway at the place where the alleged trespass was committed. It is conceded that no road existed there by prescription nor through condemnation proceedings, but it is claimed that one was established through the acts and acquiescence of the owners of the land and the public. There was no express dedication, and in our view the facts proven do not establish an implied dedication of a highway. To constitute a dedication there must be an intention to dedicate on the part of the owner clearly and unequivocally shown, and an acceptance by the public. In 1875 an ineffectual attempt was made to establish a statutory road along the section line, where the trespass was committed. A petition was presented to the county commissioners for the laying out of a road on November 5, 1875, and on the following day the petition was granted, without any notice, assessment of damages, or any of the steps necessary in a condemnation proceeding. It seemed to be the opinion of some of the people in that locality that a road might be opened upon the section line upon the mere presentation of a petition. It was claimed by some and disputed by others, that a road had been established, and on two different years work was done on the line under the supervision of the road overseer, it being supposed by the parties that a statutory road had been laid out. Some travel passed over the line, but as it was open country most of the time the travel was not closely confined to the section line. When it was learned that a statutory road had not been established, no further work was done on the way, and the complainant and

other property-owners fenced it up, but gates were put in, and parties who found it necessary could go over the line by opening these gates. The line had been so fenced for four or five years prior to the commencement of this proceeding. In 1886 the board of county commissioners, recognizing that no road existed on the line, granted a petition for a highway thereon, and ordered a view and survey of the proposed highway, but these proceedings failed for non-compliance with the statute.

It is clear from the evidence that the court correctly held that there was no dedication. There was manifestly no intent on the part of the owners to give the land for the use and purpose of a highway. No particular form of grant or assent is required, but before a dedication can be inferred the purpose of the owner to make the gift of the land for a highway must be clearly and satisfactorily shown. The proof fails to establish any such intention by either the former or the present owner. It is true that W. B. Williams, who purchased the land in 1877, was a road overseer in 1878, or 1880, and some work was done on the line under his direction; but he had been informed and then supposed that a highway had been condemned. At a later time, work was done under the supervision of another overseer. Any steps looking toward the recognition of a highway taken by the parties, were taken upon the mistaken notion that a highway had been laid out in the manner authorized by law. At no time did the owner entertain a purpose of surrendering or dedicating to the public a part of his land for a highway. Dedication is founded upon intent, which is not to be presumed upon slight or inconclusive evidence. (5 Am. and Eng. Enc. of Law, 400, and cases cited.) The fact that the line had been closed since 1883 without opposition from the public, and that in 1886 the preliminary steps for the opening of a highway upon this line were taken, indicate that the owners and officers alike entertained the opinion that no dedication had been made, and no highway existed. We are of the same opinion, and hence the judgment of the district court must be affirmed.

All the Justices concurring.