[Filed December 16, 1890.]

## C. P. HOGUE *v.* CITY OF ALBINA ET AL.

DEDICATION OF LAND BY PAROL. — In order to constitute a dedication by parol, there must be some act proved evincing a clear intention to dedicate the land to the public use.

DEDICATION — MAP OR PLAT. — Where it is sought to establish a dedication by the sale of lots with reference to a map or plat, the extent of such dedication is to be determined from the consideration of the whole map, the object being to ascertain the intention of the donor, the cardinal rule of construction being to give effect to the intention of the party as manifested by *his act.*

DEDICATION — BURDEN OF PROOF. — A 'dedication of land to the public use is not presumed, but must be shown by the acts and declarations of the owner of such a public and deliberate character as clearly show an intention on his part to surrender his land for the use of the public, and the burden of proof is on the party asserting such dedication.

PROOF REQUIRED. — In order to constitute a common-law dedication, the owner's acts and declarations must be deliberate, unequivocal and decisive, manifesting a positive and unmistakable intention to permanently abandon his property to the public use.

SECOND PLAT — EFFECT OF. — When the owner of land lays out a town and records a plat thereof on which streets are dedicated to the public, and it is sought to establish another and different dedication by the acts and conduct of the owner in exhibiting to intending purchasers another map prepared on the same day and selling lots by reference to the second plat, such second plat to have this effect must be essentially different from the recorded one, showing on its face an intention on the part of the owner to make an additional dedication.

Multnomah county: L. B. STEARNS, Judge.

Defendants appeal.    Affirmed.

The plaintiff being the owner of a tract of land in size 1141 feet north and south and 408 feet east and west, within the corporate limits of the city of Albina, on April 3, 1889, caused an addition to the city to be laid off, of which, under the name of Albina addition, a map or plan was made,

signed, acknowledged, and recorded by him, representing said addition with its streets, lots and blocks, the size and width thereof being stated thereon. On this plan or map a strip of land about 18 feet wide, along the south side of block 1, was dedicated to the public as a part of Morris street, which, together with a strip of land adjoining on the south before dedicated by the owner thereof, made Morris street in front of this addition about 46 feet wide; that prior to the platting of Albina addition, Riverview addition, which lies west of and adjoining, and Railroad Shops addition, which lies south of and adjoining said Albina addition and Proebstel's addition, which lies south of and adjoining Riverview addition, had each been laid out, platted and the streets therein dedicated to the public, and the plats thereof duly recorded; that Morris street extends east and west between Albina addition and Riverview addition on the north, and Railroad Shops addition and Proebstel's addition on the south, and between Riverview addition and Proebstel's addition is sixty feet wide, and between Railroad Shops addition and Albina addition is forty-six feet wide, according to the said recorded plats, the south line of said street being a continuous straight line. On April 3, 1889, after making and filing the plat of Albina addition by plaintiff, he caused to be published and exhibited to intending purchasers a map of said addition upon which is represented lots, blocks and streets, named and numbered the same as on the recorded plat, and also represented, or attempted to represent, thereon the streets and public ways connecting with the streets in his said addition; but neither the size of lots or blocks nor width of streets are marked upon said last-named plat. On this plat the north line of Morris street is represented to be a continuous straight line, but its width is not marked on the map nor does the map indicate that block 1, abutting on this street, is of any less width than the other blocks in the addition; that prior to the commencement of this action, plaintiff sold and conveyed lots in Albina addition by

reference to said map, but no sales were made of lots fronting on Morris street; that on May 23, 1889, the city of Albina duly passed an ordinance providing for the time and manner of improving said Morris street along and in front of Albina addition the full width thereof, and on July 13, 1889, the city duly entered into a contract with defendant Richardson for the improvement of said Morris street according to said ordinance to the full width of sixty feet; that Richardson commenced the improvement of said street to the width of sixty feet, and in doing so entered upon a part of said street a strip of land fourteen feet wide, from the south side of block 1, Albina addition, as appeared on the recorded plat; whereupon plaintiff began this suit for an injunction to restrain the defendants from entering upon said strip of land. A trial in the court below resulted in a decree in favor of the plaintiff from which this appeal is taken.

*P. L. Willis,* and *C. H. Carey,* for Appellants.

A sale of lots with reference to a plat amounts to an immediate and irrevocable dedication of the streets exhibited on such plat. (2 Dillon Mun. Corp. p. 638, § 640 (503); Angell on Highways, § 149; *Pope* v. *The Town of Union,* 18 N. J. Eq. 282; *Bissell* v. *N. Y. Cent. R. R. Co.* 23 N. Y. 66; *Rowan's Executors* v. *Portland,* 8 B. Mon. (Ky.) 232; *Lamar Co.* v. *Clements,* 49 Tex. 354; *Evansville* v. *Evans,* 37 Ind. 233; *Denver* v. *Clements,* 3 Colo. 472; *Hanson* v. *Eastman,* 21 Minn. 509.)

The principle is true not only as to streets upon which the lots sold face, but to all streets in the plat. (*Derby* v. *Alling,* 40 Conn. 411; *Rowan's Executors* v. *Portland,* 8 B. Mon. 232.)

The exhibition or publication of a map of a town, with spaces marked as streets thereon, is evidence of the dedication of such spaces, of the most certain and definite character. (*Lownsdale* v. *Portland,* 1 Or. 404–5; *Meier* v. *Portland Cable Ry. Co.* 16 Or. 500, 505; *Hicklin* v. *McClear,* 18 Or. 126; *Dummer* v. *Selectmen,* 20 N. J. L. 86.)

Whatever may have been the secret or private intention of the owner, the intention as learned from his public acts must control. (*Elizabethtown, &c., Ry. Co.* v. *Combs,* 10 Bush (Ky.), 382, 19 Am. Rep. 67; *Morgan* v. *Railroad Co.* 96 U. S. 716; *Clark* v. *City of Elizabeth,* 37 N. J. L. 120; S. C. 40 N. J. L. 172.)

The failure to record the new map does not affect the dedication of the streets indicated thereon. (*M. E. Church* v. *Mayor of Hoboken,* 97 Am. Dec. 698 (33 N. J. L. 13); *Supervisors* v. *Banks,* 44 Mich. 467.)

Use by the city is not essential to prove dedication. It is simply one kind of evidence of the dedication which may be proved as well as otherwise. The act of the city in improving the street is an acceptance of the dedication. (*Carter* v. *City of Portland,* 4 Or. 340; *Meier* v. *Portland Cable Ry. Co.* 16 Or. 500; *Hoboken Land Co.* v. *Mayor &c.* 36 N. J. L. 540.)

*H. W. Hogue,* and *C. M. Idleman,* for Respondents.

To show a dedication *in pais* where there has been no judicial proceeding and no solemn form of conveyance, the proof ought to be so cogent, persuasive and full as to leave no reasonable doubt of the owner's intent. (*Heirs of David* v. *New Orleans,* 16 La. Ann. 404; 79 Am. Dec. 586; *Lee* v. *Lake,* 14 Mich. 12; 90 Am. Dec. 220; Angel on Highways, §§ 142, 147, 149; Herman on Estoppel, pp. 1278–1286 and cases cited; *Irwin* v. *Dixon,* 9 How. 6, 31; Dillon on Mun. Corp. §§ 632, 636 and note; *N. F. S. B. Co.* v. *Bachman,* 66 N. Y. 261; *People* v. *Jones,* 6 Mich. 176; *Cincinnati* v. *White's Lessees,* 6 Peters, 439; *U. S.* v. *Chicago,* 7 How. 196.

Bean, J.—The contention of the defendant is, that plaintiff by making and exhibiting to intending purchasers the second map or plat of Albina addition showing the north line of Morris street to be a continuous straight line, and by selling lots with reference to this plat, thereby dedicated to the public the south fourteen feet of block 1 of this addition as shown on the recorded plat. It is not claimed that plaintiff ever expressly dedicated this strip of land to the public, or ever had any express intention so to do, but it is

sought to conclude him, upon the ground that he has suffered the public and individuals, relying upon his acts and conduct in exhibiting the second map to intending purchasers and making sale of lots by reference to such plat, to acquire rights upon the faith that he has devoted this strip of land to the use of the public as a part of Morris street. The law is well settled that when the owner of land lays out and establishes a town thereon and makes and exhibits a map or plan of the town, with lots, blocks, streets and alleys, and sells lots with reference to such plan, he thereby dedicates to the public the streets and public ways marked thereon; that the sale and conveyance of lots according to such plan or map implies a grant or covenant that the streets or other public places represented by the map shall never be appropriated by the owner to a use inconsistent with that represented by the map on the faith of which the lots are sold, and in this state such dedication becomes irrevocable, and no formal acceptance by the public or corporate authorities is necessary. (*Carter* v. *City of Portland,* 4 Or. 339; *Meier* v. *The Portland Cable Railway Co.* 16 Or. 500.) It is, however, conceded in this case by the plaintiff that he did dedicate to the public a portion of his land as a part of Morris street, but the controversy here is, whether the strip of land so dedicated is eighteen feet wide, as claimed by plaintiff, or thirty-two feet, as contended for by the defendants, and this question must be determined from plaintiff's intention as evinced by his acts and conduct. In order to constitute a dedication by parol, there must be some acts proved evincing a clear intention to devote the premises to the public use. (*Carter* v. *City of Portland,* 4 Or. 339.) It is essential that the donor should intend to set apart the land for the use of the public, for it is held without contrariety of opinion that there can be no dedication unless there is a present intent to appropriate the land to the public. (Elliott on Roads and Streets, 92; 2 Dill. Mun. Corp. § 636.) This intention is not a secret one, but that which is expressed in the visible and open conduct of the owner.

His acts and declarations may and often do evince an intention to dedicate land to the public as a highway when he had no real intention of so doing. His intention is to be inferred from his acts and declarations, but such acts and declarations must clearly indicate an intention on the part of the donor to dedicate the land to the public, or no dedication can exist. When it is sought to establish a dedication by the sale of lots with reference to a map or plat, the extent of such dedication is to be determined from the consideration of the whole map, the chief object being to ascertain the intention of the donor; for the cardinal rule of construction is to give effect to the intention of the party as manifested by his acts. A dedication is not presumed, but must be shown by the acts and declarations of the owner of such a public and deliberate character as clearly show an intention on his part to surrender his land for the use of the public, and the burden of proof is on the party asserting such dedication. In *Tinges* v. *M. & C. C. of Baltimore,* 51 Md. 609, it is said: "It is well settled by the decisions of this court that an intent on the part of the owner to dedicate his land to the particular use alleged is absolutely essential, and unless such intention is clearly proved by the facts and circumstances of the particular case, no dedication exists." (*McCormick* v. *Mayor,* 45 Md. 524.) So in *Shellhouse* v. *The State,* 110 Ind. 513: "To constitute a valid dedication, there must have been an actual intention on the part of the owner or owners clearly indicated by unequivocal acts or conduct to dedicate the land to the public for use as an alley· (*Tucker* v. *Conrad,* 103 Ind. 349, and cases cited.) As was in effect said in the case above cited, unless there appears an actual intent to dedicate on the part of the owners, the court cannot do otherwise than to find that there was no dedication." So in *Holdane* v. *Trustees of Village of Cold Spring,* 21 N. Y. 477: "The owner's acts and declarations should be deliberate, unequivocal and decisive, manifesting a positive and unmistakable intention to permanently abandon his property to the specific public use. If they be equivocal and

do not clearly and plainly indicate the intention to permanently abandon the property to the use of the public, they are insufficient to establish a case of dedication." In *Lownsdale* v. *City of Portland,* 1 Or. 405, DEADY, J., in discussing this question, says: "The burden of proof rests on the defendant to show a dedication. It must be clear and satisfactory. * * * The security and certainty of the title to real estate are among the most important objects of the laws of any civilized community. Around it the law has thrown certain solemnities and formalities so that the fact may be known and read by all men. What a man once had he is not to be presumed to have parted with, but the fact must be shown beyond conjecture. And although in the case of streets and public grounds in towns, from the nature of the case a dedication may be shown by acts resting in parol, they must be of such a public and deliberate character as makes them generally known and not of doubtful intention." To the same effect, *Lee* v. *Lake,* 14 Mich. 11; *People* v. *Jones,* 6 Mich. 176; *Niagara Falls Bridge Co.* v. *Bachman,* 66 N. Y. 261; *Rowan's Executors* v. *Portland,* 8 B. Monroe, 232; Angell on Highways, § 142; 5 Am. & Eng. Ency. of Law, 400, and note.

From these and other authorities that might be cited it may be stated that the question of intent to dedicate is the paramount one in all cases of disputed dedication and is to be determined as a question of mixed law and fact, from the evidence in each particular case. The controversy here is not between a purchaser of lots fronting on Morris street and the plaintiff, but between him and the city of Albina acting on behalf of the public. The claim of the city is based wholly upon the fact that the north line of Morris street as shown upon the second map is a continuous straight line, and for that reason it is insisted that plaintiff is estopped from denying the dedication of the land in controversy to the public as a part of that street. This second map was made and published on the same day the original plat of Albina addition was recorded, and was evidently designed

to be used by the plaintiff or his agents in the sale. of lots, and to this end it undertakes to represent the public ways connecting with the streets in this addition, the distance from the school-houses, churches and public lines of transportation, and has published thereon a statement of the many advantages claimed for this particular property. As far as Albina addition is concerned, it appears to be an exact copy of the recorded map, except that the size of lots and width of streets are not marked thereon. In fact, the map in evidence and by stipulation of the parties, conceded to be a copy of the recorded map, appears to be one of the second maps published by plaintiff, with the portion representing the adjoining property removed, and with the size of lots and width of streets marked thereon in pencil. So that as far as plaintiff's property is concerned there is no difference whatever in the two plats, but one is an exact copy of the other, and there is nothing on the second plat to indicate that Morris street is more than forty-six feet wide, unless it be that the north line of this street is represented to be a continuous straight line from the southeast corner of this addition, extending west. Block 1 of this addition, which fronts on this street, appears to be the same size and contains the same number of lots as the other blocks in the addition, which could not be the case if a strip fourteen feet wide from the south side of this block is a part of Morris street. From an inspection of the map, we think it much more probable that plaintiff only intended to represent the width of Morris street as actually located in front of his property, than its width in front of the adjoining property, which he did not own or in any way control. As we have already seen, in order to constitute a common-law dedication, "the owner's acts must be deliberate, unequivocal and decisive, manifesting a positive and unmistakable intention to permanently abandon his property to the public use," and particularly is this true when there has been a statutory dedication by recording an acknowledged plat, and it is sought to establish another and different dedication by the

acts and conduct of the owner in exhibiting to intending purchasers a map prepared on the same day as the recorded plat and selling lots by reference to the second map. The second plat to have this effect should be essentially different from the recorded one, showing on its face an intention on the part of the owner to make an additional dedication. In this case, the second map as far as plaintiff's property is concerned is precisely the same as the prior recorded one. The dimensions of streets, lots and blocks are not exhibited upon it, nor does it contain any evidence of an intention to make any dedication different from that already made. It is simply a plat used by the plaintiff for his own convenience in selling the property. Where the owner of property has complied with the statutory requirements in making and filing a plat of his proposed town or addition, we know of no rule of law that requires him to be bound by another or additional dedication simply because he makes a copy of his recorded plat for his own convenience in disposing of his property, upon which the lines do not appear with that complete accuracy as on the recorded plat, and especially when it does not clearly appear to be radically different from the recorded one

It follows, therefore, that the judgment of the court below must be affirmed.