Argued 19 March; decided 14 April, 1902.

## SPENCER *v.* PETERSON.

[68 Pac. 519, 1108.]

41  257;
42  333
42  606
e42  616

PLATS—DEDICATION OF ROADS SHOWN THEREON.

1. An owner who executes and records a plat of certain land showing thereon lots or tracts divided by or adjoining streets or roads, and sells property with reference to such plat, must be considered as having established and dedicated such roads to public use, regardless of an actual use by the public at large: *Hogue* v. *City of Albina,* 20 Or. 182, cited.

EFFECT OF NOT IMPROVING DEDICATED ROADS.

2. Failure of a county or municipality to open or work roads laid out on a plat of land does not defeat the right of the public therein, unless barred by adverse user.

PLAT—EVIDENCE OF INTENTION OF DEDICATOR.

3. A member of a real estate firm engaged as selling agents of the proprietors of land, who have made a plat thereof, on which are roads, may testify as to the proprietors' intention to dedicate the roads, as he must have known their intention in this respect.

QUANTUM OF PROOF IN CIVIL ACTIONS.

4. In civil actions, as, a case in which the jury must determine whether a road has been dedicated, only a preponderance of the evidence is necessary to a verdict.

COSTS—SHERIFF'S MILEAGE.

5. Under Laws, 1899, p. 66, requiring the sheriff to collect in advance his fees in a civil case, and to pay them to the county treasurer, and providing that the judgment shall include, as costs, the amounts so paid by the prevailing party to the sheriff, there is no error in approving taxation of costs taxing the sheriff's fees to defendant, against whom judgment was rendered; no question being raised whether the fees were paid to the county treasurer or retained by the sheriff.

COSTS—STATING MATERIALITY OF TESTIMONY OF WITNESS.

6. An amended verified statement as to costs, filed under Section 557 of Hill's Ann. Laws, as amended by Laws, 1891, p. 114, need not state that the testimony of a witness was material, it is sufficient to show that he attended the trial as a witness at the party's request and testified; having been heard, it will be presumed that he was a material witness: *Willis* v. *Lance,* 28 Or. 371, followed.

WITNESSES' FEES—OBJECTION—AMENDED VERIFIED CLAIM.

7. Where objection is made to a claim for the fees of a witness who has voluntarily attended the trial from a distance of more than twenty miles, the claimant must file an amended verified statement showing the facts as to the materiality of the testimony, the necessity for an oral examination, the fact of voluntary attendance, and the distance traveled.

SUFFIENCY OF OBJECTION TO WITNESSES' FEES.

8. Objections to items of costs, under Section 556 of Hill's Ann. Laws, should be certain enough to inform the claimant in what particulars the speci-

41 OR.—17.

fied items are not authorized or are unreasonable. For example, an objection to the taxation of mileage for a witness because he voluntarily attended from outside the county without an order of the court does not raise the question that the oral examination of such witness was unnecessary, nor require the prevailing party to make affidavit of such fact, though such affidavit would be necessary, under section 795, to obtain an order for his attendance.

From Marion: GEORGE H. BURNETT, Judge.

Action for damages by S. Spencer against V. C. Peterson. Plaintiff having recovered a judgment, defendant appealed.

AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. B. F. Bonham* and *Mr. Carey F. Martin.*

For respondent there was a brief and an oral argument by *Mr. John A. Carson* and *Mr. P. H. D'Arcy.*

MR. JUSTICE MOORE, delivered the opinion.

This is an action to recover damages for obstructing an alleged highway. Plaintiff avers that he is, and ever since May 6, 1891, has been, the owner and in possession of certain real property, from which he has been accustomed to pass with vehicles and on foot along a duly dedicated highway to the county road; that such highway is the only accessible route to and from his premises; and that defendant wrongfully obstructed the same by placing a fence across it, to his damage in the sum of $1,500. The answer having denied the material allegations of the complaint, a trial was had, resulting in a verdict and judgment for the plaintiff in the sum of $100, and defendant appeals.

1. It is contended by defendant's counsel that the court erred in admitting in evidence, over their objection and exception, a certified copy of the recorded plat of Waldo Hills Fruit Farm, No. 3, on the ground that it appears from an inspection thereof that the road which is claimed was obstructed was never a public highway. The plat in question has appended thereto a written instrument, denominated a

"dedication," executed as a deed of real property, by W. A. and John A. Shaw and their wives, reciting that they, being the owners of certain real property, and desirous of disposing of it in small tracts, and "to assure the purchasers thereof the permanent enjoyment of the roads shown on the annexed plat, which are on the said lands, have caused the said lands to be platted and subdivided in accordance with the annexed plat, which is hereby declared to be a true plat thereof." An examination of the plat shows that the real property delineated thereon purports to have been subdivided into 26 lots, varying in area from 10 to 78 acres, and that near the east border, extending north and south, appear parallel lines, marked, "Road, 50 ft.," separating lots 1, 2, and 3, from 4, 5, and 6. It is argued that the plat and the instrument so attached show that the roads thus indicated were not intended by the proprietors to be dedicated to the public generally but were designed for the use of the purchasers of the lots, only, and that they are private, and not public, highways. It will be observed that the "dedication" does not in express terms grant an easement in the roads, but, the instrument having been acknowledged and entered in the records of Marion County, we think the proprietors intended thereby to dedicate them to the use of the public; for the rule is well settled that when an owner of real property lays out a town upon it, and divides the land into lots and blocks, with streets and alleys between, and sells any of the lots reference to such plan, he thereby irrevocably dedicates the streets and alleys to the use of the public: *Carter* v. *City of Portland,* 4 Or. 339; *Meier* v. *Portland Cable Ry. Co.* 16 Or. 500 (19 Pac. 610, 1 L. R. A. 856*); *Hicklin* v. *McClear,* 18 Or. 126 (22 Pac. 1057); *Steel* 856); *Hicklin* v. *McClear,* 18 Or. 126 (22 Pac. 1057); *Steel* v. *City of Portland,* 23 Or. 176 (31 Pac. 479); *Hogue* v. *City of Albina,* 20 Or. 182 (25 Pac. 386, 10 L. R. A. 673). The rule in respect to the dedication of streets and alleys in a town must, upon principle, also apply to roads laid out on land in

---

*NOTE.   Dedication of Land to Street Uses by Laying Out and Platting.

the country, which has been divided into small tracts to effect
the sale thereof; and when the proprietors execute and ac-
knowledge a map of the survey of such land, and cause it to be
recorded, on which roads are noted, and sell any of such tracts
with reference to the plat, the dedication of the roads is there-
by established, without an acceptance or user by the public
(*Point Pleasant Land Co.* v. *Cranmer*, 40 N. J. Eq. 81), and
such dedication will be presumed to be in favor of the whole
public, unless the presumption be overcome by the party deny-
ing the extent of the grant [Ang. & D. Highw. (3 ed.) § 141] ;
and hence no error was committed in admitting the plat in
evidence.

2. Defendant's counsel, on cross-examination of plaintiff,
in referring to the road alleged to have been obstructed, asked
the following question, to which an objection was sustained
on the ground that it was immaterial: "Has the county or
any municipal authority undertaken to open or work that
road?" An exception was saved, and the action of the court
assigned as error. If the land so divided into tracts had been
in a city, and laid out into lots and blocks, with intervening
streets and alleys, duly dedicated, the failure of the municipal
corporation to improve such streets would not defeat the right
of the public therein, unless barred by adverse user. The
roads laid out on the land in question, and noted on the plat,
must be subject to the same rule; for if the converse were true,
and a county was obliged to open a road when donated by a
proprietor, he could have a highway on any line he might
select. No error was committed in sustaining the objection.

3. W. H. Downing, plaintiff's witness, was asked the follow-
ing question with reference to the purpose of the proprietors
in respect to the roads noted on the plat: "What was the in-
tention as to the dedication?" To which he was allowed, over
defendant's objection and exception to answer: "The inten-
tion was to make it a public highway." It is maintained
that the witness was not competent to express the intention of
others, but we think the argument is without merit, for the
testimony shows that the witness was at the time a partner of

W. A. Shaw, one of the proprietors, in the business of selling land, and, as such, was the agent for the proprietors, and must have known the intention of his principals in respect to the dedication of the roads.

4. The court instructed the jury, in effect, that it was incumbent upon the plaintiff to show a dedication of the highway by a preponderance of the evidence, but that, the action being civil, he was not required to establish such fact beyond a reasonable doubt. An exception to this portion of the charge having been reserved, it is insisted by defendant's counsel that more than a preponderance of evidence was required, and that the court erred in giving this instruction. When a person is to be deprived of his real property for the use or benefit of the public, and the alleged grant or dedication is not evidenced by condemnation proceedings or some conveyance, but is sought to be established *in pais,* the proof of the intention of divestiture ought to be clear and conclusive: 2 Dillon, Mun. Corp. (4 ed.) § 636; 2 Hermann, Estoppel, § 1142; *City of Eureka* v. *Croghan,* 81 Cal. 524 (22 Pac. 693); *State* v. *Adkins,* 42 Kan. 203 (21 Pac. 1069). We think the rule in all civil cases requires no more than a preponderance of evidence to establish any controverted fact, and hence no error was committed in giving such instruction.

Other errors were assigned, but we think them comparatively unimportant.

5. The plaintiff having filed a cost bill, the defendant objected to the following items thereof: "To sheriff's fees, $3.00," on the ground that such disbursement is not allowed by law; and to "Witness fees of W. A. Shaw, one day and 106 miles, $12.60," on the ground that he was not a resident of Marion County, Oregon, and attended the trial without the order of the court. The plaintiff filed an amended verified statement controverting such objections, and showing that said witness traveled from Portland to Salem and return, a distance of 106 miles, and was in attendance one day as witness, only, and was duly sworn and examined, whereupon the county clerk taxed the items as claimed. The court, upon

defendant's motion to retax the costs, approved the charges, and the defendant assigns such action as error. The court found that the sheriff necessarily traveled 30 miles in serving the summons in this action, and that he was entitled to collect $3 therefor. Defendant's counsel contend that, although a statute regulating the salary of the Sheriff of Marion County provides for the payment of an additional sum for serving process in civil actions, such fees are not embraced in the title of the act, nor properly connected therewith, and that the court erred in assessing any sum for such service. A consideration of the point insisted upon is not deemed essential, for there is another statute concerning such fees, as follows: ''The sheriffs of the several counties of Oregon shall be required to collect in advance the following fees in all civil cases, and to pay the same over to the several county treasurers at the end of every month, with an itemized statement showing the cases from which such fees were collected. The court shall include in its judgment against the losing party, as costs in the case, the amounts so paid by the prevailing party to the sheriff: For each mile necessarily traveled in serving any civil process or subpœna, ten cents; provided that no charge shall be made for constructive mileage in any case'': Laws, 1899, p. 66. Judgment having been rendered against the defendant, the sheriff's fees were properly taxed against him; and, no question having been made as to whether such fees were paid to the county treasurer, or retained by the sheriff, no error was committed in approving the taxation of the costs.

6. The amended verified statement* shows that W. A. Shaw attended the court as a witness only at plaintiff's request, and, having given testimony at the trial, it must be presumed to have been material, and hence no error was committed in allowing the fees demanded: *Crawford* v. *Abraham,* 2 Or. 163; *Willis* v. *Lance,* 28 Or. 371 (43 Pac. 384, 487).

It follows that the judgment is affirmed.        AFFIRMED.

---

*NOTE.—See Section 557 of Hill's Ann. Laws. as amended by Laws, 1891, p. 114.—REPORTER.

ON MOTION FOR REHEARING.

MR. JUSTICE MOORE delivered the opinion.

It is contended by defendant's counsel in their petition for a rehearing that this court erred in approving the allowance of the court below of plaintiff's claim of $12.60 for disbursements to one of his witnesses. The plaintiff, having secured a judgment in the lower court, filed a cost bill containing, *inter alia,* the following item: "To witness fees and mileage of W. A. Shaw, one day, and 106 miles, $12.60,"—to which the following exception was made: "Defendant objects to the allowance of $12.60, or any part thereof greater than $2.20, claimed by plaintiff as witness fees for W. A. Shaw for one day's attendance and 106 miles travel, for the reason that said witness is not a resident of Marion County, Oregon, and attended said trial voluntarily, and no order of court was obtained requiring the attendance of such witness." An amended verified statement was thereupon filed, showing that Shaw was a necessary witness; that at plaintiff's request he traveled from Portland to Salem, a distance of 53 miles, as a witness only, and for no other purpose; and that he was in attendance at the trial one day, for which he was entitled to $10.60 mileage and $2 witness fees, and detailing wherein his testimony was material. The clerk of the circuit court having allowed said items, defendant filed a motion to retax the disbursements, whereupon said court made the following finding: "The witness W. A. Shaw having attended court at the request of the plaintiff as a witness only, an order of the court to compel his attendance was unnecessary; and the claim of the plaintiff not being for double fees, the objection of the defendant to the amount charged in plaintiff's amended verified statement of the fees and mileage of said witness was not sufficient in point of law to challenge the correctness thereof;" and the motion was overruled, which action the defendant assigns as error.

7. It is insisted that the amended verified statement was not sufficient to authorize the taxation of said item, and in support

of his contention cites the case of *Crawford* v. *Abraham,* 2 Or. 163, in which it is said: "Mileage will be allowed, of course, to witnesses residing beyond the reach of ordinary subpœna within the state, unless objection is made thereto, in which case a showing must be made to sustain that item equivalent to that which is necessary under Section 785, Code, to procure a special subpœna." The statute adverted to provides, in effect, that, before a party can compel the attendance of a witness in a court of record at a place outside the county in which he resides, unless his residence is within 20 miles of such place, an affidavit must be made showing that his testimony will be material and his oral examination important or desirable, whereupon the court or judge may indorse upon the subpœna an order for the attendance of the witness, upon the service of which and the payment of double fees he must attend, if served in the state: Hill's Ann. Laws § 785. This section, construed in the light of the rule announced in the case cited, requires the prevailing party, if proper objection be made to his cost bill, to file an amended verified statement showing that the testimony of the witness who had voluntarily come from his residence in another county and more than 20 miles from the place of trial was material, and also that his oral examination was important and necessary.

8. It remains to be seen whether the defendant's objection to the item of the cost bill complained of was sufficient to impose upon the plaintiff the duty of making such a showing in his amended verified statement. The statute prescribing the form of an exception to a cost bill provides that the adverse party desiring to controvert the items thereof should file his objections thereto, stating the particulars of such objections: Hill's Ann. Laws, § 556. The objections to a cost bill should be so certain as to notify the prevailing party in what particular one or more items demanded by him are not authorized by law, or wherein the sums claimed on account of disbursements were unreasonable. It will be remembered that the defendant's objection to the item in question states to what extent the sum demanded is unreasonable, but it does not aver that the

oral examination of the witness was unimportant or unnecessary. The court, upon application therefor, possessed authority to order a witness to appear for examination, and, if the subpœna, with the order indorsed thereon, were served upon the witness in this state, he would, upon the tender of double fees, be compelled to attend a court of record outside the county in which he resides, in obedience to such order. The court having authority to compel the attendance of the witness in the first instance, must possess sufficient power to provide for the payment of his fees, when, at the request of the prevailing party, he voluntarily appears at the place of trial and testifies; provided his oral examination were important or necessary. It is argued by defendant's counsel that because the amended verified statement does not allege that Shaw's oral examination was necessary an error was committed in allowing any mileage on account of his attendance. It will be remembered that the defendant's objection to the claim for mileage of this witness is based upon the fact that, not being a resident of Marion County, he voluntarily attended as a witness at the trial, without averring that his oral examination was unimportant or unnecessary, which are particulars he now insists upon. The adverse party who excepts to the items of a cost bill must state the particulars of his objections (Hill's Ann. Laws, § 556), but, the defendant not having complied with that requirement, no error was committed in allowing the disbursements demanded, and the petition is denied.

REHEARING DENIED.