Decided 25 May, 1903.

**NODINE v. UNION.**

[72 Pac. 582.]

STATUTORY DEDICATION OF STREETS BY UNACKNOWLEDGED RECORDED PLAT.

1. Recording an unacknowledged plat of land, showing lots, blocks and streets, does not constitute a statutory dedication of the streets, for the plat was not entitled to record, being without an acknowledgment.

EXAMPLE OF INEFFECTIVE ATTEMPT AT COMMON LAW DEDICATION.

2. An owner of a tract of land platted the same, showing lots, blocks, streets, and alleys thereon, but without indicating the size of the lots or blocks, or the width of the streets or alleys, and without referring for identification to a survey or any natural object. The plat was not acknowledged by him, nor was it shown that he caused the land to be laid out by surveying it, or that he marked on the ground the lots, blocks, streets, or alleys, or fixed an initial point from which a survey could be extended. There was no acceptance of the streets indicated on the plat for over thirty years. *Held* not to constitute a common-law dedication of the streets.

From Union: ROBERT EAKIN, Judge.

Suit by Fred N. Nodine against the City of Union and another. From a decree for plaintiff, defendants appeal.

AFFIRMED.

For appellants there was a brief and an oral argument by *Mr. C. E. Cochran.*

For respondent there was a brief and an oral argument by *Mr. Leroy Lomax.*

MR. CHIEF JUSTICE MOORE delivered the opinion of the court.

This is a suit to enjoin a municipal corporation and its street commissioner from opening an alleged highway. The transcript shows that there is recorded in Union County what purports to be a plat of certain land, divided into twenty-five blocks, or rows of five blocks each, and numbered in alternate order, beginning at the northwest corner and ending in the southeast. Front Street is represented as running north and south on the west side of the platted land, and parallel therewith are First, Second, Third, and Fourth streets, respectively. There are parallel lines extending east and west on the north of the blocks, the space between which is designated as A Street, and parallel therewith are B, C, D, and E streets,

respectively; no streets appearing on the east or south. An alley passes north and south through the center of every block, upon each side of which are represented four lots. The plat does not indicate the size of the lots or blocks, or the width of the streets or alleys, nor does it refer for identification to a survey or to any natural object. At the bottom of the plat, however, appear the words: "Map of Union, Union County, Oregon. John A. J. Chapman, proprietor. Received for record November 11th, A. D. 1864,"—and also a line divided into proportional parts, and numbered from 0 to 500. Chapman, having secured from the United States a grant of the east half of the northwest quarter and the west half of the northeast quarter of section 19, in township 4 south of range 40 east of the Willamette Meridian, conveyed certain lots, the deeds therefor reciting that the property was situated "in the Town of Union, Union County, Oregon, according to the plat of said town as recorded in the office of the county clerk of said county." He also on March 6, 1865, executed to Frederick Nodine and W. S. Bennington a deed for the real property so granted to him, except forty acres thereof on the east half of the northwest quarter of section 19, "upon which is located the Town of Union," and also all his right, title, and interest in and to said town. Bennington having executed a deed of all his interest in said property to Nodine, the latter conveyed certain lots and blocks in the then Town of Union to purchasers thereof, and on April 11, 1892, executed to Elizabeth Nodine a deed for certain other lots and blocks therein. Mrs. Nodine and her husband, on May 18, 1897, executed to plaintiff a deed for blocks 7 and 8, and on February 20, 1902, for block 15, and all of what is supposed to be Fourth Street, from A to D streets; all of B Street, from Second to Fourth streets; and all of C Street, from Fourth Street to the east boundary of Union; describing the property by metes and bounds.

It is alleged in the complaint that plaintiff is, and his predecessors in interest were, the owners in fee and in the possession of the real property last above described since 1868, when it was inclosed, and an orchard set out, which is growing thereon;

that on January 4, 1902, the City of Union, which embraces said town, ordered the defendant Fred Allen, as street commissioner, to open a street sixty feet in width north and south across said lands, which strip is unlawfully designated by the municipality as Fourth Street; and that, if said order is carried into effect, it will deprive plaintiff of his property, to his irreparable injury. The answer denies the material allegations of the complaint, and avers that the City of Union has an easement in trust for the public in Fourth Street (particularly describing it, and setting out the facts as hereinbefore detailed) ; that Chapman prepared, signed, published, and caused to be recorded what purported to be a plat of Union, the northeast corner of which begins at a point 136 feet south of the quarter post on the south side of section 18, in said township and range, describing by metes and bounds the exterior lines of the town site; that the blocks represented on said plat are 210 feet from east to west, and 200 feet from north to south, and the streets and alleys are sixty and ten feet in width respectively; that the streets so indicated were dedicated by him, and accepted by the public, and have been opened for travel as fast as demanded for use; and that plaintiff has obstructed Fourth Street by fences, and is unlawfully appropriating the same to his own use. The reply, having denied the allegations of new matter in the answer, avers that the City of Union and the inhabitants thereof since 1869 have known that the disputed premises were fenced, claimed, and owned by the plaintiff and his predecessors, and that no sales of lots or blocks have been made on or adjacent to said street, in expectation that it would ever be opened. A trial having resulted in a decree as prayed for by plaintiff, the defendants appeal.

1. The question to be considered is whether Chapman intended to dedicate the land described as Fourth Street to the public as a highway. It will be remembered that he caused to be prepared and recorded what purports to be a plat of the Town of Union, showing lots, blocks, streets, and alleys thereon, and sold and conveyed certain lots, the deeds to which referred to said plat as recorded in the office of the clerk of

Union County. This plat contains no words of grant, and is not signed, sealed, witnessed, or acknowledged; nor does it refer to any survey of land, or natural or artificial object, whereby the premises could possibly be identified from an inspection of the record. The statute in force when the plat was recorded required that it should be acknowledged, as a condition precedent thereto: Deady & Lane's General Laws, p. 776, c. 59. The dedication of land to public use may be made either in accordance with the common law or in pursuance of a statute: *City of Denver* v. *Clements,* 3 Colo. 472. Chapman's plat, never having been acknowledged, was not entitled to record, and therefore not a statutory dedication, which operates as a grant.

2. It remains to be seen whether his acts constitute an estoppel *in pais,* in the nature of a common-law dedication. In *Spencer* v. *Peterson,* 41 Or. 257 (68 Pac. 519, 1108), it was said: "The rule is well settled that when an owner of real property lays out a town upon it, and divides the land into lots and blocks, with streets and alleys between, and sells any of the lots with reference to such plat, he thereby irrevocably dedicates the streets and alleys to the use of the public." In *Carter* v. *City of Portland,* 4 Or. 339, a common-law dedication was upheld because the proprietor "caused a survey to be made of blocks, lots, streets, parks, and other public ground of the City of Portland, and portions thereof were designated upon the ground by stakes and monuments." In that case, the plat having been made of the survey, and exhibited to purchasers of lots, it was held that they acquired, as appurtenant thereto, every easement, privilege, and advantage which the plat or map represented as a part of the town. The doctrine thus announced was affirmed in *Meier* v. *Portland Cable Ry. Co.* 16 Or. 500 (19 Pac. 610, 1 L. R. A. 856), in which no reference is made to any survey of the premises; in *Hicklin* v. *McClear,* 18 Or. 126 (22 Pac. 1057), where the survey was made by a county surveyor; in *Hogue* v. *City of Albina,* 20 Or. 182 (25 Pac. 386, 10 L. R. A. 637), where an addition was caused to be "laid off;" and in *Steel* v. *City of Portland,* 23 Or. 176 (31 Pac. 479),

where a trustee "laid out Holliday's Addition." A mere plat of land upon paper, laying off streets, blocks, and houses in a city, is not itself a dedication of the streets to public use: *Parsons* v. *Trustees of the Atlanta University*, 44 Ga. 529. So, too, the mere marking of a street on a plat, and covenanting with the owners of adjacent land to lay it out, does not create it a public highway: *Attorney-General* v. *Old Colony & N. Ry. Co.* 12 Allen, 404.

The following steps are necessary to create a dedication by estoppel *in pais*: *First*, a survey or other segregation of the land intended to be devoted to a public use; *second*, the making of a plat representing the division of the tract; and, *third*, the sale of land so surveyed by reference to such plat. As a condition precedent to a common-law dedication, which is implied from the sale of lots by reference to a plat thereof, exhibited or improperly recorded, there must, in the absence of an acceptance, have been either a survey of the land, or some physical evidence upon the ground to indicate the location and extent of the easement intended by the donor to be devoted to the use of the public. The transcript fails to show that Chapman ever caused the land to be laid out by surveying it, or set any stakes, or marked upon the ground the lots, blocks, streets, or alleys of the town site; nor does it appear that he fixed an initial point from which a survey could be extended. True, a statement is to be found in the deed he executed to Nodine and Bennington to the effect that the Town of Union is located upon the east half of the northwest quarter of section 19, in township 4 south of range 40 east of the Willamette Meridian, but the particular part of this tract upon which the town is situated is not stated. G. E. Howe, a surveyor, appearing as defendants' witness, testifies that he located Fourth Street, in the Town of Union, from the northwest corner of block 5 in said town, which he found to be 196 feet south and 210 feet west of the quarter post on the south side of section 18, in said township and range; that the blocks are 210 by 200 feet, and the streets are sixty feet in width, which facts he ascertained from an examination of the map of said town of record in the county

clerk's office.   A blue print of this map was made by the witness, and, having been offered in evidence, is pasted upon a sheet of paper, at the bottom of which a line is drawn, and divided into proportional parts, probably designed to represent the scale upon which the plat was made; but if this be so, and the scale is correct, the lots, blocks, and streets are not of the dimensions given by the witness.   It is proper to say, however, that the length of the blocks delineated upon the blue print is as to their width as 210 is to 200, and upon this basis the streets and alleys appear to be sixty and ten feet in width respectively. It is possible that the town site of Union was surveyed, and that monuments indicating its boundaries, streets, and alleys were duly placed, and still exist; but, if so, no evidence thereof was introduced, in the absence of which the City of Union failed to establish a right to open what is supposed to be a street, of which the public never took possession, and which has been closed more than thirty years.

It follows that the decree must be affirmed, and it is so ordered.                                        AFFIRMED.