## PORTLAND v. MILLER.

(143 Pac. 1006.)

**Municipal Corporations—Obstruction of Street—Suit to Enjoin—Pleading—Issues and Proof.**

1. In a suit to enjoin the maintenance of buildings and fences across a street which had formerly been owned by defendants, testimony on behalf of defendants that they did not intend to dedicate the part of the street where their house was situated is inadmissible, where it is not pleaded.

[As to right of private individual temporarily to obstruct street, see note in 1 Am. St. Rep. 840.]

**Municipal Corporations—Streets—Estoppel.**

2. Though defendants occupying a portion of a street have made valuable improvements thereon for several years, the city is not estopped to enjoin their maintenance by its failure to eject defendant at an early date.

[As to taxpayers' remedies for illegal corporate acts, see note in 2 Am. St. Rep. 92.]

From Multnomah: FRANK M. CALKINS, Judge.

Department 2. Statement by MR. CHIEF JUSTICE McBRIDE.

This is a suit by the City of Portland against Arthur F. Miller and Jennie R. Miller, to enjoin the maintenance of certain buildings and fences across an alleged street called Miller's Avenue, in the City of Portland. Plaintiff alleges that on December 14, 1893, defendants platted and dedicated in due form a certain addition to the City of Sellwood, which is now included within the City of Portland, designated as Miller's Addition to Sellwood; that said dedication was duly accepted by the City of Portland on behalf of the public, and that the streets therein designated have been and now are public streets of the City of Portland; that among the streets so designated is Miller's Avenue, and that thereafter defendants sold lots in said addition, includ-

ing lots abutting upon Miller's Avenue, with reference to said plat; that since the 14th day of December, 1893, the defendants have knowingly and unlawfully maintained in Miller's Avenue a dwelling-house, a fence across said street, and also trees and shrubbery thereon, rendering it impossible for the public to use the street at that point.

The defendants answered, admitting the platting and dedication of the street, the acceptance of said dedication by the city, the sale of lots with reference to the street, and the maintenance of the obstructions, but denied that the maintaining thereof was unlawful or that said obstructions constituted a nuisance.

The answer by way of estoppel sets up the following facts:

"That said defendants have, at all times since the 14th day of December, 1893, maintained a certain frame building, used by defendants as a dwelling-house, of the dimensions of about 55 feet by 32 feet in size, in and upon that portion of said Miller's Avenue which lies between Milwaukee Street and East Sixteenth Street; that the actual location of said dwelling-house is shown on that certain plat hereinbefore referred to, and that said plat indicates said Miller's Avenue as laid out and dedicated to the public, and the rectangle, in red ink, on said map and plat shows the location of defendants' house; that defendants since said above date have also maintained fences across said Miller's Avenue at Milwaukee Street and East Sixteenth Street, and have also maintained certain trees and shrubbery upon said portion of said Miller's Avenue; that said defendants, during all these years since 1893, have spent many hundreds of dollars in improving said premises by constructing a new building thereon and by adding to and improving their said dwelling-house and by planting much additional shrubbery thereon, which said shrubbery and said trees during said years have grown to be of great value; that

said dwelling-house has been the home of said defendants for all these years since 1893, and many years prior thereto (that said defendants' children were reared therein and the associations and memories connected with said premises are near and dear to said defendants); that to lose the possession of said premises would cause said defendants irreparable loss and injury (as well as cause them great sorrow in their declining years); * * that during all the years since the 14th day of December, 1893, said plaintiff has never, at any time, made any use of said premises, or attempted to make any use of said premises, or made any objection to said defendants using said premises until about the —— day of November, 1912, neither has said plaintiff exercised any right of ownership or control over said premises during all of said period of time of about 19 years, but on the contrary has permitted said defendants to remain in the quiet and peaceable enjoyment of the same and to spend their substance in making additional improvements thereon; * * that said plaintiff ought not to be admitted to allege the making and filing said plat, or the dedication to the public of the said premises in controversy, or that said defendants have sold lots with reference to said platting, or that said plaintiff accepted said premises on behalf of the public as a street, or that said plaintiff is now the lawful owner of said street or easement in said street, or that said defendants have knowingly and unlawfully maintained said dwelling-house and said shrubbery on said premises, or that the maintenance of the said dwelling-house and said shrubbery is illegal and constitutes a continuing trespass and a public nuisance, or that plaintiff on the —— day of November, 1912, notified and requested said defendants to remove said dwelling-house and said shrubbery, or that said defendants have neglected and refused to remove said dwelling-house and said shrubbery."

The cause was put at issue by a reply, and upon the hearing there was a decree for the plaintiff, from which defendants appeal.     AFFIRMED.

For appellants there was a brief and an oral argument by *Mr. Geo. P. Lent.*

For respondent there was a brief over the names of *Mr. Walter P. La Roche,* City Attorney, and *Mr. Henry A. Davis,* Deputy City Attorney, with an oral argument by *Mr. Davis.*

Opinion by Mr. Chief Justice McBride.

1. Upon the trial the defendants claimed, and introduced testimony which tended to show that they did not intend to dedicate that part of the street where their house was then and now is situated; but there is no pleading to sustain this testimony, and it was improperly admitted. It amounted to a collateral attempt without pleading to impeach the plat, which cannot be permitted: *Christian* v. *Eugene,* 49 Or. 170 (89 Pac. 419).

2. The city is not estopped by reason of its failure to eject the defendants at an earlier date. It is remarked in *Oliver* v. *Synhorst,* 58 Or. 582 (109 Pac. 762, 115 Pac. 594):

"In the smaller towns of this state, it is not unusual for streets in remote districts to remain unopened and unimproved until they become sufficiently populous to justify levying assessments upon adjoining property to improve them. To require a city to open and improve all its streets at once, without reference to the need of such improvement, at the peril of forfeiting them, would be absurd, as a matter of public policy, and would, if carried out, prove an intolerable burden to those owning lots on remote and unfrequented streets."

While this addition continued to be thinly populated, there was probably no occasion to use the street in question; and now that occasion has arisen for its use,

citizens who bought and built upon the faith of the plat should not lose their right to use the street because the city authorities did not open it before such occasion arose. If the defendants were negligent in the preparation of the plat, they should suffer the inconvenience occasioned thereby rather than those persons who purchased on the presumption of its correctness.

The decree is affirmed.        AFFIRMED.

MR. JUSTICE EAKIN, MR. JUSTICE BEAN and MR. JUSTICE McNARY concur.