# LUHRS *v.* STURTEVANT.

NUISANCES—PUBLIC—ABATEMENT.—A court of equity ought not to interfere to prevent a public nuisance, or to abate one already existing, at the instance of a private party, unless he shows a special injury distinct from the public, justly apprehended, or actually sustained.

PUBLIC HIGHWAY—OBSTRUCTION OF, A PUBLIC NUISANCE.—The obstruction of a public highway is a public nuisance, but this of itself is not sufficient to justify the interposition of equity, unless the plaintiff sustains some private, direct and material damage beyond the public at large.

IDEM—PLEADING.—Where it does not appear from the complaint that the property of the plaintiff adjoins the alleged road, or that his only means of access to and from it is over and along such road, or that the road obstructed is the only highway which connects his farm with the store and school house in question, and no special injury to his property is averred, nor personal injury outside of the inconvenience he experiences from the obstruction of the highway in common with all the people; *Held*, That such complaint does not state facts sufficient to authorize the interposition of equity at the instance of a private party.

IDEM.—Facts must be alleged, and specifications of the injury made, so that the court can understand how and to what extent there will be injury.

EQUITABLE RELIEF—WHEN GRANTED PRIVATE PARTY.—When the right· of the public to the use of a highway is clear, and the obstruction of it seriously affects the value and substance of an individual's estate, or he suffers an injury distinct from the public, as a consequence of such obstruction, equity will afford relief and abate such nuisance.

APPEAL from Wasco County.

*John J. Balleray*, for appellant.

*Lucian Everts*, for respondent.

By the Court, LORD, C. J.:

This is a suit in equity to enjoin an obstruction of an alleged public highway. Substantially, the complainant alleges for himself and on behalf of all other persons similarly interested, that he owns and resides on a farm on the east side of the east fork of Birch creek, in Umatilla county; that the school house of the district and the store at which he has been accustomed to trade, are situated on the west side of said creek, and in or near a village known as Mount Pleasant; that a public highway extends through said village in an east and west direction; that plaintiff has for a number of years been in the habit of passing over said highway to said school house and store, and that on or about the 18th day of November, 1878, the defendant obstructed said highway by building fences across it, so that the plaintiff and the traveling public generally, could not pass over it in the manner they had been accustomed to do, and to the damage of plaintiff in the sum of one hundred dollars.

Our first inquiry is, do these facts justify the awarding of an injunction? A court of equity ought not to interfere to prevent a public nuisance, or to abate one already existing, at the instance of a private party, unless he shows a special injury distinct from the public, actually sustained or justly apprehended. The obstruction of a public highway is, without doubt, a public nuisance; but this of itself is

not sufficient to justify the interposition of equity in behalf of the plaintiff, unless he sustains some private, direct and material damage beyond the public at large. Mr. High says: "No principle of law is more clearly established than that private persons seeking the aid of equity to restrain a public nuisance must show some special injury peculiar to themselves, aside from and independent of the general injury to the public." (High on Injunctions, sec. 762 and note.) This is a plain rule, and, as the authorities indicate, inflexibly adhered to in cases of this character. (*Irvin* v. *Dixon*, 9 How., (U. S.) 26; 6 John. Ch., 439; Angell on Highways, secs. 280–284; Story's Eq. Jur., sec. 924; High on Injunctions, sec. 816 and note.)

Now do the facts alleged show that the plaintiff has suffered any special or peculiar injury, either in his person or estate, which is not common to all the people in the vicinity of this road, by reason of the obstruction complained of? It cannot be detected from the complaint that the farm of the plaintiff adjoins the alleged road, or that his only means of access to and from it are over and along said road, or that this road is the only highway which connects the farm of the plaintiff with the school house and store in question. No special injury to his property is averred, nor any personal injury alleged to exist, outside of the inconvenience he experiences from the obstruction of the highway in common with all the people. From his alleged habit of passing over the road to the store or school house, it might possibly be inferred that the plaintiff had more frequent occasion to travel over the road than the public generally, and consequently the inconvenience or annoyance to him was greater, but this would be a difference only in degree and not in kind. Still it is not apparent in this respect, that he suffers any inconvenience from the obstruction not common to all,

certainly no peculiar or special injury to him independent of the general injury to the public.

In *McCowan, et al.* v. *Whitesides*, 31 Ind., 236, the only averments in any way connecting the plaintiffs with the highway were "that it is their usual, convenient, and necessary route by travel from their houses, which are all on or in the vicinity of the road to Wabash, their market town and usual place of business, and that without greater or less circuity, when the road is so obstructed, they and each of them have no other means, nor have the public wishing to use the road, of going to and fro, as they have a right to do for business, comfort and pleasure"—and upon demurrer, Gregory, J., said: "In the case at bar, if the bill had been filed by some one whose lands bordered on the road, and facts had been averred showing an injury to the lands of the plaintiff by reason of the nuisance, then undoubtedly a remedy would have been afforded. It is averred that the houses of plaintiff are all on, or in the vicinity of the road. Under this allegation they may all be in the vicinity, and not on the road."

In *Dawson* v. *St. Paul Fire Insurance Co.*, 15 Minn., 138, the court said: "Neither does it appear that the plaintiff is the owner of or in the occupation of any premises fronting upon and adjacent to St. Charles street, from which fact, according to some of the cases, special and peculiar damages, (though nominal in amount,) might be inferred.

In *Houghton* v. *Harvey*, 33 Iowa, 204, the special injury to the plaintiff occasioned by the obstruction of the highway, distinct from the public, was that "it was the only passable route, at times, from his home to Des Moines and to his timber," and the court held upon demurrer to the complaint that the facts stated a case of injury distinct from

the public, as a consequence of a public nuisance, and that the plaintiff was entitled to an injunction.

In *Pettibone, et al.* v. *Hamilton, et al.*, 40 Wis., 415, the court say: "If the plaintiffs will suffer private and special injury by the closing up of Darling Place—injury not common to the whole public—they can maintain an action in equity to prevent the threatened injury. And it is the settled law of this state that an obstruction which prevents the lawful use of a public street or highway, besides being a public nuisance, is a special injury to the adjoining lot owners, and when such an obstruction is threatened, they may proceed in a court of equity to prevent it." (*Walker* v. *Shepardson*, 2 Wis., 384; *Barnes* v. *Racine*, 4 Wis., 454; *Williams* v. *Smith*, 22 Wis., 594.)

These cases carry the doctrine of equitable intervention by injunction, for the purpose of preventing or abating a public nuisance at the instance of a private party, to as great an extent as any which have come under our observation, and a glance at the facts stated in this complaint will suffice to show that they do not come within the scope of the principle announced by any of them. Facts must be stated and specifications of the injury made, so that the court may understand how and to what extent there will be injury. Unless this is done, equity will refuse to interfere by the extraordinary remedy of injunction. There is no doubt when the right of the public to the use of the highway is clear, and the obstruction of it seriously affects the value and substance of an individual's estate, or in short, he suffers an injury distinct from the public, as a consequence of such obstruction, equity will afford relief and abate such nuisance. (*Green* v. *Oakes*, 17 Ill., 249; *The Mohawk Bridge Co.* v. *The U. and S. R. R. Co.*, 6 Paige, 563; *Jerome* v. *Ross*, 7 John. Ch., 322; High on Injunctions, sec. 816 and note.)

From these views, it results that the decree is reversed, and the bill dismissed.

Decree reversed.