Argued 23 January, decided 19 March, 1907.

### CHRISTIAN *v*. EUGENE.

89 Pac. 419.

STREETS—PLATTING AND SELLING AS A DEDICATION.

1. Where the proprietor of lands lays out a town thereon in the manner provided by statute, platting the same into blocks and streets, and the plat is duly executed, acknowledged and recorded, and he sells lots therein with reference thereto, he thereby dedicates the streets to the public irrevocably.

SELLING AND BUYING LOTS AS ACCEPTANCE OF A STREET.

2. The selling of lots in a tract of platted land by the original lot proprietor, and the corresponding purchase by numbers of the public at large, amount to an acceptance of the streets shown on the plat without formal action by the authorities.

DEDICATION—CLAIM OF MISTAKE—ENJOINING USE OF STREETS.

3. Where land has been platted and lots sold with reference thereto, the dedicator cannot enjoin the public authorities from using the streets shown on such plat, because there was a mistake in the plat, for such an error can be rectified only by a suit for that purpose, to which all the persons interested must be made parties—no collateral attack on the plat will be permitted.·

EFFECT OF ADVERSE POSSESSION OF STREETS.

4. By the express provision of Section 4820, B. & C. Comp., as well as by the weight of reason and authority, adverse possession of dedicated streets or alleys does not run against municipal authorities, though, by reason of particular circumstances, equitable estoppels are sometimes enforced against municipalities as to particular parcels of ground.

STREETS—EQUITABLE ESTOPPEL AGAINST OPENING.

5. The evidence in this case does not show such equitable considerations as to justify a court of equity in depriving the citizens of the city of the use of the street in question: *Schooling* v. *Harrisburg*, 42 Or. 494, distinguished.

NEED OF PLEADING ESTOPPEL.

6. In order to render an estoppel available it must be pleaded if there is an opportunity to do so.

From Lane: JAMES W. HAMILTON, Judge.

Statement by MR. JUSTICE EAKIN.

This is a suit by Etha Christian, for whom was substituted J. W. Christian, her executor, against the City of Eugene and another as street commissioner thereof to enjoin the defendants from opening as a street what is claimed by the defendants to be a part of Twelfth Street in Christian's Addition to the City of Eugene. On November 18, 1884, Catherine Christian was the owner of the lands covered by what is now known as "Christian's Addition to Eugene City," and on that day she and her husband, D. R. Christian, made and executed under seal a plat of the said ground, designating it on the plat as "Christian's Addition to Eugene City," which was duly witnessed and acknowledged and duly recorded. The said plat is as follows:

Lot 2 of block 3, lots 1 and 2 of block 4, and lot 8 of block 1, all opening on Twelfth Street, were sold and conveyed.by Catherine Christian and D. R. Christian, between July, 1885, and June, 1888, and are described in the conveyances with reference to said plat. The portion of Twelfth Street now in controversy lies between lot 8 in block 2 and lot 1 in block 3. At the time of the platting of said ground as above set out, said lot 8 in block 2 and part of said Twelfth Street adjacent thereto were occupied by the dwelling and buildings of Catherine and D. R. Christian, and the portion of said street now in controversy was not open to the public prior to the acts of defendants complained of in this suit. By the complaint plaintiff seeks to recover upon her allegation of ownership. The answer sets up the platting and dedication of the street, and the sale of lots with reference to such plat. By the reply plaintiff denies the dedication of Twelfth Street between blocks 2 and 3, and also alleges adverse possession for 10 years, and alleges that the plat is erroneous in so far as it dedicates Twelfth Street between blocks 2 and 3, and the main contention of the plaintiff upon the trial was to show the error in the plat and dedication, and adverse user for more than 10 years, as conferring title as against the dedication; plaintiff having acquired said lots by descent from said Catherine and D. R. Christian.      AFFIRMED.

For appellant there was a brief over the names of *Walton & Ness* and *Harbaugh & Bower,* with an oral argument by *Mr. Sjur P. Ness.*

For respondents there was a brief over the names of *L. E. Bean,* City Attorney, and *John Monroe Williams,* with an oral argument by *Mr. Williams.*

MR. JUSTICE EAKIN delivered the opinion of the court.

1. When the proprietor of lands lays out a town thereon in the manner provided by the statute, platting the same into blocks, streets and alleys, and the plat is duly executed, acknowledged and recorded, and he sells lots therein with reference thereto, he thereby dedicates said streets and alleys to the public, and the same is irrevocable.

2. The purchase of lots with reference to such plat consti-tutes a sufficient acceptance by the public of such dedication. It was held in *Spencer* v. *Peterson,* 41 Or. 257 (68 Pac. 519, 1108), that, if lots are sold with reference to such plat, no acceptance or user by the public is required. To the same effect is *Meier* v. *Portland Cable Ry. Co.* 16 Or. 500, 507 (19 Pac. 614: 1 L. R. A. 856), where it is said: "The location of the townsite, the num-ber and extent of the streets, and the belief of the purchasers that they will remain permanent and perpetual, are material in-ducements to the purchase." Therefore plaintiff is bound by the plat as executed and recorded, unless an error is shown in the plat or the public has lost its rights therein by adverse user.

3. Plaintiff seeks, however, to establish an error in the plat by parol evidence that it was not the intention of the proprietor to dedicate Twelfth Street. But the correctness of the plat can-not be collaterally attacked. The plat is as much a part of the evidence of the title of the purchaser of lots as his deed, and cannot be changed or disputed by the proprietor as his interests may suggest. In *Steel* v. *Portland,* 23 Or. 176, 183 (31 Pac. 480), it is said: "The sale and conveyance of lots according to such plan or map implies a covenant that the streets and other public places designated shall never be appropriated by the owner to a use inconsistent with that represented by the map upon the faith of which the lots are sold." And in *Meier* v. *Portland Cable Ry. Co.* 16 Or. 500 (19 Pac. 614: 1 L. R. A. 856), it is said "that he (the proprietor) intends it to be irrevocable is beyond the possibility of a doubt."

Section 2738, B. & C. Comp., provides:

"Every donation or grant to the public, including streets and alleys * * marked and noted as such on the plat of the town * * shall be considered to all intents and purposes as a general warranty to the said donee."

"Warranty" is "an engagement or undertaking, express or implied, that a certain fact regarding the subject of a contract is, or shall be, as it is expressly or impliedly declared or promised to be" (Webster's Int. Dict.), and the execution, acknowledg-

ment, and recording of the plat are equivalent to a conveyance to the public of the streets and alleys, and a mistake in the description, terms or platting thereof can only be corrected or established by a proceeding in equity for that purpose, to which all persons interested in the result are parties. Hence plaintiff is bound by the dedication here as designated on the plat, and cannot be relieved therefrom in this suit upon parol evidence of a mistake.

4. To meet the defense of the dedication of Twelfth Street by Catherine and D. R. Christian alleged by defendants, plaintiff, in her reply, alleges adverse possession of the land for more than 10 years. The weight of the adjudged cases seems to be that since the municipal authorities have no right to sell, alienate or dispose of streets or alleys dedicated to the public, except in some manner provided by law, the statute of limitations will not run against them: *Ralston* v. *Weston,* 46 W. Va. 544 (33 S. E. 326: 76 Am. St. Rep. 834). This court has also recognized this rule in *Schooling* v. *Harrisburg,* 42 Or. 494, 499 (9 Mun. Corp. Cas. 705: 71 Pac. 605), and *Oliver* v. *Synhorst,* 48 Or. 292 (7 L. R. A., NS, 243: 86 Pac. 376), and it is expressly adopted in this state by statute (Section 4820, B. & C. Comp. enacted in 1895, and re-enacted in 1903; Laws 1903, p. 279), so that plaintiff has acquired no rights by adverse user or the statute of limitations.

5. And neither the allegations nor the proof bring the plaintiff within the rule of estoppel *in pais,* as laid down in *Schooling* v. *Harrisburg,* and *Oliver* v. *Synhorst.*

6. Estoppel, to be available, must be pleaded, if there is an opportunity to plead it, and it is not pleaded here, and the proof must be something more than of the lapse of time or adverse occupancy. Some equity must have arisen in favor of one pleading such estoppel of such a character that justice requires that an equitable estoppel shall be asserted against the public. It follows that the decree of the lower court should be affirmed, and it is so ordered.          AFFIRMED.