Argued June 25, decided August 11, 1908.

## VAN BUSKIRK *v.* BOND.

[96 Pac. 1103.]

HIGHWAYS—OBSTRUCTIONS—PUBLIC NUISANCE.

1. Obstructing a highway is a public nuisance.

SAME—REMEDY OF PRIVATE PERSONS.

2. A private person cannot restrain a public nuisance resulting from the obstruction of a highway, unless he sustains some damages differing in kind from that suffered by the general public.

PLEADING—ALLEGATIONS—LEGAL CONCLUSIONS.

3. The allegation, in the complaint in an action by private persons to restrain a public nuisance resulting from the obstruction of a highway, that they are peculiarly and particularly injured by the closing of the highway by defendant, is only a legal conclusion, deducible from the averment that they will be inconvenienced if they are compelled to take their produce to another market, instead of taking the same over the highway alleged to be obstructed.

HIGHWAYS—OBSTRUCTING HIGHWAY—SUIT BY PRIVATE PERSONS—COMPLAINT—SUFFICIENCY.

4. A complaint, in an action by private persons to restrain a public nuisance from the obstruction of a highway, which does not allege that their lands abut on the highway, or that the highway is the only one passing to or through their premises, and which alleges that the highway is the most feasible route, that they are peculiarly injured by reason of the obstruction, that they will suffer inconvenience if compelled to take their farm produce to another market, etc., does not show that they have suffered or will sustain any injuries differing in kind from that experienced by the public at large, and states no cause of action, though it shows that they are subjected to greater damages than are endured by others.

SAME.

5. A fence built across a road constitutes a public nuisance only when it is admitted by the pleadings or it satisfactorily appears from the uncontradicted testimony that the barrier obstructs a highway.

SAME.

6. A complaint, in an action by private persons to restrain a public nuisance resulting from obstructing an alleged highway, which alleges that, unless defendant is restrained, plaintiffs will sustain irreparable injuries, but which does not state that the obstruction conduces to the destruction of the substance of their estates in their lands, or that they have no other means of access to or egress from the same, does not state a cause of action for equitable relief, where the existence of the highway is denied so as to call for a determination of the issue as to whether or not plaintiffs are entitled to travel on the road specified, since the injuries complained of may be adequately compensated for in damages.

NUISANCE—INJUNCTION.

7. Where a doubt arises in the mind of the chancellor as to the right of plaintiffs to maintain a suit, or as to the existence of the nuisance complained of, equity will not interfere until the questions are settled by judgment at law, unless the damages sustained or to be apprehended are irreparable.

HIGHWAYS—OBSTRUCTION—INJUNCTION.

8. A judgment of conviction for obstructing a highway, in violation of Section 2105, B. & C. Comp., indirectly establishes the existence of the highway and renders the question of nuisance certain within the rule that where the existence of a nuisance is doubtful, it can be established only in an action at law.

SAME.

9. Where, in an action by private persons to enjoin a public nuisance resulting from obstruction of a highway, the existence of the highway is denied, and the evidence on the issue is conflicting, and there is no allegation and proof of irreparable damage, the suit must be dismissed without prejudice.

From Linn: WILLIAM GALLOWAY, Judge.

This is a suit by F. S. Van Buskirk and others against A. B. Bond, to enjoin an alleged public nuisance. From a decree in favor of plaintiffs, the defendant appeals.

Statement by MR. JUSTICE MOORE.

This is a suit by private parties to enjoin an alleged public nuisance. The complaint states: That two county roads, crossing defendant's lands, were duly established, and for more than 40 years last past have been used by the public; that the plaintiffs live in the vicinity of these roads, which are the most feasible routes from their residences to Albany, and they have used such highways for many years prior to 1905, when the defendant built

a fence across them, preventing all travel thereon; that before the roads were thus obstructed the plaintiffs hauled over them farm produce; and that they have for sale potatoes, vegetables, etc., which will be of little value if they cannot be taken to that city over such routes. A demurrer to the complaint, on the ground, *inter alia,* that it did not state facts sufficient to constitute a cause of suit, was overruled, whereupon an answer was filed denying the allegations of the complaint and averring that the county court of Linn County, in attempting to establish the roads specified, never had jurisdiction of the subject-matter, in consequence of certain defects in the petitions and notices; that the roads were never fully opened across the defendant's lands, and that for more than 10 years prior to the passage of an act providing that the statute of limitations does not run against the public as to a highway (Section 4820, B. & C. Comp.) he acquired, by adverse possession, a right to exclude the public from his premises. The reply put in issue the allegations of new matter in the answer, and, the cause coming on for trial, the testimony was taken, which is very conflicting as to these controverted matters, notwithstanding which the court found the facts as alleged in the complaint, and, having rendered a decree in accordance therewith, the defendant appeals.

REVERSED. SUIT DISMISSED.

For appellant there was a brief over the names of *Messrs. Hewitt & Sox,* with oral arguments by *Mr. Henry H. Hewitt* and *Mr. Carlton E. Sox.*

For respondents there was a brief over the names of *Messrs. Weatherford & Wyatt,* with an oral argument by *Mr. James K. Weatherford.*

MR. JUSTICE MOORE delivered the opinion of the court.

1. It is admitted that obstructing a highway is a public nuisance (*Milarkey* v. *Foster,* 6 Or. 378: 25 Am. Rep. 531; *City of Roseberg* v. *Abraham,* 8 Or. 509).

2. The right to restrain a public nuisance by a private party is not recognized, unless he has sustained some damage or injury differing in kind from that suffered by the general public. (*Parrish* v. *Stephens*, 1 Or. 73; *Esson* v. *Wattier*, 25 Or. 7: 34 Pac. 756; *Blagen* v. *Smith*, 34 Or. 394: 56 Pac. 292: 44 L. R. A. 522).

3. The plaintiffs do not allege that their lands abut upon the roads mentioned, or aver that they are the only highways passing to or through their premises. The statement in the complaint that these routes are the most feasible, implies that other highways exist over which they can travel to and from their respective homes. The plaintiffs allege, however, "that they are peculiarly and particularly injured by reason of the attempted closing of said roads by the defendant." This statement is nothing more than the averment of a legal conclusion, deducible from the allegation of the inconvenience which the plaintiffs claim they will sustain if they are compelled to take their farm produce to another market.

4. The complaint does not show, by averment of probative facts, that the plaintiffs have suffered or will sustain any injury differing in kind from that experienced by the public at large. It is possible that, by reason of the obstructions, they may be subjected to greater damages than are endured by others; but this loss is only one of degree, and not of kind, and hence an error was committed in overruling the demurrer of the complaint. *Luhrs* v. *Sturtevant*, 10 Or. 170.

5. If the demurrer had been sustained, it is possible that the complaint might have been amended so as to show that the plaintiffs had suffered such an injury as to entitle them to maintain this suit, and, this being so, it is deemed proper to consider another feature of the case. The application for an injunction herein is a resort to a court of equity to determine whether or not county roads were legally laid out, and, if so, have they been opened and maintained in such a manner as to

render their obstruction a public nuisance, the continuance of which should be restrained, without first establishing in an action at law authority to travel on such roads, when the right to do so is denied in the answer and vigorously controverted by the defendant's evidence? A fence built across a road constitutes a public nuisance only when it is admitted by the pleadings, or satisfactorily appears from the uncontradicted testimony of the parties, that the barrier obstructs a highway.

6. The legal existence of the roads having been denied, to ascertain the truth in relation thereto necessitates a determination of the issue as to whether or not the plaintiffs were entitled to travel on the roads specified when they were rendered impassable by reason of the defendant's acts in asserting an adverse right. The complaint alleges that, unless the defendant is restrained, the plaintiffs will sustain irreparable injury; but it is not stated that the obstruction conduces to the destruction of the substance of the plaintiffs' estates in their lands, or that they have no other means of access to, or egress from, their premises, and for these reasons it is hard to understand why the injury could not be adequately compensated in damages, when it is not alleged and does not appear from the evidence that the defendant is financially irresponsible.

7. An urgent necessity may, under some circumstances, authorize a court of equity to intervene to prevent irreparable injury; but the complaint in the case at bar does not present such a statement of facts as to justify interposition on that ground. Whenever a serious doubt arises in the mind of the chancellor as to the right of a plaintiff to maintain a suit, or as to the existence of a nuisance, a court of equity will not intervene and by injunction grant relief, until such questions are settled by a judgment at law, unless the damages sustained or reasonably to be apprehended, from a continuation of the alleged wrongful acts, are irreparable. 1 Am. & Eng.

Enc. Law (2d ed.) 64; Spelling, Injunction & Extraordinary Remedies (2d ed.) § 402.

We have attempted to show that the right of the plaintiffs to carry on this suit is not clear; but, if the complaint were amended so as unmistakably to disclose their authority in this respect, the question of nuisance is so doubtful that a court of equity, upon ascertaining the uncertainty, ought no longer to retain jurisdiction of the cause, thereby leaving the parties to pursue such remedies as actions at law will afford.   Thus, in *Smith* v. *Gardner*, 12 Or. 221 (6 Pac. 771: 53 Am. Rep. 342) the plaintiff sought to enjoin an alleged trespass, and, having obtained the relief which he desired, the decree was reversed and the suit dismissed, on the ground that the existence of a public highway, as claimed by one of the parties and denied by the other, was rendered doubtful by conflicting testimony.   The same conclusion was also reached in *Tomasini* v. *Taylor,* 42 Or. 576 (72 Pac. 324), where, as in the preceding case, actions at law could probably have been maintained in which judgments would have settled the issues involved.   In the case at bar, it is possible that the plaintiffs may not have any remedy at law in their own right for the injury of which they complain.   The obstruction of a highway is a misdemeanor (Section 2105, B. & C. Comp.), and the State, which represents the entire public, is the party which must prosecute, and, as the plaintiffs herein are a part of the general community, they are not wholly remediless, for when a judgment of conviction is rendered in such an action the existence of the highway will be indirectly established, thereby rendering the question of nuisance certain.

8. It is unnecessary to speculate as to whether the remedy suggested is adequate as to these plaintiffs, for, the question of the nuisance being doubtful, its existence could be established only in an action at law.   In discussing this subject, Mr. Chief Justice PAXSON, in

*McClain* v. *City of New Castle*, 130 Pa. 546 (18 Atl. 1066: 6· L. R. A. 737), remarks: "We do not question the power of a court of equity to restrain and abate a public nuisance. This is settled by a line of decisions. But the authorities uniformly limit the jurisdiction to cases where the right has first been established at law, or is conceded. It was never intended, and I do not know of a case in the books, where a chancellor has usurped the functions of a jury, and attempted to decide disputed questions of fact, and pass upon conflicting evidence in such cases." In *Bunnell's Appeal,* 69 Pa. 59, a road was laid out in 1820 through certain lands, and 48 years thereafter a "stone row" was built across what was claimed to be the road. In a suit to restrain the maintenance of the obstruction as a public nuisance, it was alleged that a private party sustained an injury in consequence of the barrier. The evidence upon this subject was conflicting as to whether or not the road had ever been opened, where it had been laid, and what was the effect of the frequent changes in the route of travel, and it was ruled that the suit in equity could not be maintained: (1) Because of the uncertainty of the location of the road; (2) that there was a full remedy at law; and (3) that the injury complained of was not permanent or irreparable. That case is very much in point, and, like those hereinbefore cited, shows that a court of equity is not the proper tribunal to determine such controverted questions, when the damages sustained are not irreparable.

In consequence of the conflict of the testimony herein, as to the existence of the alleged public nuisance, the decree is reversed, and the suit dismissed, without prejudice.                    REVERSED. SUIT DISMISSED.