Argued March 16, decided March 28, 1911.

# MOORE v. FOWLER.

[114 Pac. 472.]

ADVERSE POSSESSION—MISTAKE IN BOUNDARY.

1. Adverse occupancy of land for the statutory period under claim of right, although by mistake as to the true boundary, will confer title.

DEDICATION—QUESTION FOR JURY.

2. In trespass for removing a fence, which defendants claimed was in a highway, the evidence showed a conveyance dated in 1885 to plaintiff's predecessor in title conveying a tract of ten acres, reserving a strip of land off the west side thirty feet in width for a public roadway, which reservation appeared in all succeeding conveyances including the one to plaintiff, and that the land was surveyed, cleared, and fenced in 1894, the fence being maintained on the same line until it was torn down by defendants. Defendants' answer merely alleged that there was duly laid out and dedicated to the public for a street or highway a strip thirty feet in width off the entire west side or end of plaintiff's land. There was no evidence that the fence was not on the true line. *Held*, that it was error to direct a verdict for defendant at the close of his evidence, especially in view of the rule of law that individuals may, by making improvements upon property, overcome even the right of a municipal corporation to open a street.

PLEADING—SUFFICIENCY.

3. In trespass for removing a fence, an answer averring that the fence was on a street, and alleging that there was duly laid out and dedicated to the public for a highway and street a strip thirty feet off and along the entire west side of the land belonging to plaintiff and her grantors, was insufficient, as it does not state facts sufficient to show dedication, no dedicator being mentioned or person with authority or right to dedicate the land to the public for a street, and the answer containing no allegation of acceptance by the public.

DEDICATION—ACCEPTANCE.

4. A reservation in a deed of a strip for a street or highway amounts only to an offer on the part of the grantor to dedicate the roadway to public uses, and there can be no dedication until the offer is accepted.

DEDICATION—ACCEPTANCE—PLATS.

5. Where a landowner plats his land and sells property with reference to a map, it is not necessary to show an acceptance by the public, but where no map is made, and there is a sale of an entire tract with reservation of a strip along one side for a highway, acceptance by the public is essential.

HIGHWAYS — PUBLIC NUISANCE — ABATEMENT BY ACT OF PERSON INJURED.

6. A fence in a public highway being a public nuisance, persons sustaining no other injury than that common to the general public are not justified in tearing down the fence, and, if they do so, they are liable to the owner of the fence as for a trespass.

From Multnomah:   John B. Cleland, Judge.

Statement by Mr. Justice Burnett.

The plaintiff, Blanche McN. Moore, complains of J. L. Fowler, T. S. McDaniel, Hiram H. Cole, George Peterson, J. J. Fitzgerald, and George J. Cameron, charging them with trespass upon her inclosure in pursuance of a conspiracy among them.   The part imputed to Cameron and Fitzgerald was that the former as district attorney and the latter as his deputy, counseled the others to commit the trespass and promised them immunity from prosscution.   When the plaintiff rested her case, the court entered a judgment of nonsuit as to Cameron and Fitzgerald, concerning which no error is assigned.   Hence no further notice will be taken of them and when defendants are hereinafter mentioned it will mean the other four defendants.

The complaint alleges, in substance, that continuously for more than 14 years prior to the commencement of the action, as against all persons whomsoever, the plaintiff and her predecessors in title were lawfully possessed of and owned a parcel of land containing 10 acres, surrounded by a fence also belonging to them, being 40 rods square, the southeast corner of which is coincident with the southeast corner of the W. ½ of the N. W. ¼, section 15, township 1 S., range 2 E., W. M.   The pleadings agree that the four defendants reside not far from plaintiff's close, and are reputed owners of separate tracts within a platted district known as "Delashmutt and Oatman's Little Homes Subdivision No. 4," which is adjacent to the plaintiff's premises.   It is admitted that there is a public road on the south side of plaintiff's tract and on the west side an alley or narrow street laid out in the "Little Homes" tract.   The gravaman of the charge is that on the night of August 4, 1908, in pursuance of their conspiracy, the defendants tore down plaintiff's

fence on the west side of her inclosure, and afterwards, as often as she restored it, they again tore it down, their purpose being to force her to set it over on her land far enough to make the alley as wide as it is elsewhere to the northward in "Little Homes." The plaintiff alleges that her orchard growing upon the premises was thereby exposed to stock running at large, which browsed upon the trees and otherwise injured them, on account of all which she was damaged in the sum of $2,500.

The answer denies the plaintiff's ownership, the conspiracy, and the grievances complained of. For new matter it is alleged that the "plaintiff and her predecessors in interest are and have been for a number of years last past the owners of a tract of land containing 10 acres, situated in section 15, township 1 S., range 2 E., in Multnomah County, Oregon, lying adjacent to Delashmutt and Oatman's Little Homes No. 4." In substance, they further contend by their allegations that the plaintiff and her predecessors maintained a fence in and upon a street or highway which they claim was dedicated on the west side of her tract, and that, on her having refused to remove the fence, "these defendants, acting under advice of counsel, quietly and peaceably removed said fence which so obstructed said public street and public highway as to prevent the same from being used by the public and by these defendants without any damage to the plaintiff."

The reply traverses materially the other allegations of new matter in the answer. No part of the territory mentioned in the pleadings is within the limits of any city or town. At the close of the defendants' testimony, the court directed a verdict for the defendants upon which a judgment was rendered. The plaintiff appeals.

REVERSED.

For appellant there was a brief with oral arguments by *Messrs. Carter & Dufur.*

For respondents there was a brief over the names of *Mr. John F. Logan* and *Messrs. Beach & Simon* with oral arguments by *Messrs. Beach & Simon, Mr. Roscoe C. Nelson* and *Mr. John F. Logan.*

MR. JUSTICE BURNETT delivered the opinion of the court.

1. It is conceded that Delashmutt and Oatman were at one time the owners of land, including the 10-acre tract in question, and that on October 10, 1885, they conveyed the tract by metes and bounds to one Hattie Murtha by a deed in which, at the end of the description of the land, occur these words:

"Containing 10 acres, reserving a strip of land off and from the west side 30 feet in width, which is dedicated for a public roadway."

This description and reservation appears to have been used in all the conveyances by plaintiff's predecessors in title from the Murtha deed down to plaintiff. She gave evidence tending to show that one of her predecessors, Louis Kettler, bought the tract in 1893, when it was all in timber and brush except a very small portion; that he had it surveyed by his deed, cleared, and fenced it according to the survey in 1894; that the fence was maintained on the same line until it was torn down by the defendants; that Kettler set out the whole tract to fruit trees, and it was so used as an orchard continuously until the trespass complained of. The evidence tends to show a complete chain of title under the same inclosure from Delashmutt and Oatman down to and including the plaintiff. As against the denials of the answer this was sufficient evidence to take the case to the jury under the authority of *Caufield* v. *Clark,* 17 Or. 473 (21 Pac. 443: 11 Am. St. Rep. 845), and analogous authorities, to the effect that adverse occupancy of land for the statutory period under claim of right, although by mistake as to the true boundary, will operate to confer title by possession.

2. Even conceding all that the defendants claim as to the dedication, yet the plaintiff is entitled to have her case submitted to the jury on the question as to whether the fence was on the boundary of the land as said to be restricted by the dedication. The survey made by Kettler and mentioned in his evidence was sufficient in that respect to call for a verdict on the general issue. Still, further, the jury was entitled to consider the subject under proper instructions of the court, based upon such cases as *Schooling* v. *Harrisburg,* 42 Or. 494 (71 Pac. 605) ; *Nodine* v. *Union,* 42 Or. 613 (72 Pac. 582) ; *Oliver* v. *Synhorst,* 48 Or. 292 (86 Pac. 376: 7 L. R. A. (N. S.) 243). These cases hold, in substance, that even as against the statute of limitations prescribed in favor of counties as to the right to open public roads individuals may by making improvements upon property under certain circumstances overcome even the right of a municipal corporation to open a street.

3. The question next to be considered is this: Does the answer with its avowals make such a case for the defendants which, if proven, authorizes a court to say as a matter of law that there was no issue, and that the jury must return a directed verdict for the defendants? The substance of the defendants' contention is that the fence was in a public dedicated highway, and that this condition gave them a right to remove the fence. Respecting the dedication the allegation of the answer is:

"That there was duly laid out and dedicated to the public for a street and highway a strip 30 feet in width off of and along the entire west side or end of the land belonging to said plaintiff and her grantors."

It is permissible in pleading a judgment of a court to say that it was duly given or made, or, in pleading the performance of conditions precedent in a contract, it may be stated generally that the party duly performed all the conditions on his part (Sections 87, 88, L. O. L.),

but it is not sufficient to say that a street was duly laid out and dedicated to the public. The pleader should state facts from which the court could determine for itself on a construction of the pleading whether or not the street was duly dedicated. In this case there is no dedicator mentioned or person who had any authority or right to give this land to the public for a street. Moreover, there is no allegation of an acceptance on the part of the public.

4. Although under our statute of limitations no lapse of time will prevent the county from accepting the dedication and opening the highway, yet, as against individuals, the reservation in the deed as above quoted amounts only to an offer on the part of the grantor to dedicate the roadway to public uses, and there can be no dedication under such circumstances until the same is accepted by the county: *Tillman* v. *People,* 12 Mich. 401; *Littler* v. *Lincoln,* 106 Ill. 353; *Bethel* v. *Pruett,* 215 Ill. 162 (74 N. E. 111); *Bauman* v. *Boeckeler,* 119 Mo. 189 (24 S. W. 207); *Baker* v. *Squire,* 77 Mo. App. 329.

5. The cases on dedication cited by the defendants are such as *Carter* v. *Portland,* 4 Or. 339, and similar precedents down to and including *Christian* v. *Eugene,* 49 Or. 170 (89 Pac. 419). These decisions turn upon the principle that, when a landowner plats his land into streets or roads and lots or blocks and sells property with reference to a map made from such a survey, it amounts to a dedication at once of the streets and alleys to public uses, and it is not necessary under such circumstances to show an acceptance by the public. The acceptance is at once presumed when the owner makes sales of his property with reference to such a map. In this instance no map was ever made of the 10 acres in question so far as the record discloses. It appears in evidence, and is admitted, that this 10-acre parcel

abuts upon lands which were platted under the designation of "Little Homes" in which defendants' holdings are situated, but the plat of the latter tract introduced in evidence does not in any way delineate the 10 acres of plaintiff. We conclude that neither by the pleadings nor by the evidence is there sufficient to show a dedication of the 30-foot strip reserved in the Murtha deed.

6. Yet further, conceding that the dedication has been shown and that the fence in question was upon the dedicated roadway, which would make it a public nuisance, the defendants by their answer have not shown in themselves a right to abate this nuisance. As against a public nuisance, the courts will not interfere on behalf of an individual unless he sustains some damages differing in kind from those suffered by the general public: *Luhrs* v. *Sturtevant,* 10 Or. 170; *Van Buskirk* v. *Bond,* 52 Or. 234 (96 Pac. 1103). The defendants do not allege that they have suffered any inconvenience or hurt on account of the fence in question peculiar to themselves and not experienced by the public at large. In a proper case one affected by a nuisance has two remedies: First, by a suit or action for damages; and, second, by his own act in abating the nuisance, provided it can be done without a breach of the peace. The two remedies, however, are founded on the same right; that is, the right to recover damage sustained by the individual for an injury to himself not common to the general public. The foundation of the two remedies being the same, if he cannot sustain an action at law, he cannot take the law into his own hands and so abate the nuisance. If the one remedy by suit or action does not exist, neither does its concurrent remedy of abatement by the act of the party. So far as the answer of the defendants is concerned, it shows no right to justify them in tearing down the fence in question; and, as we have already seen, there was sufficient evidence on the part of the plaintiff to take the case

to the jury as against the denials of the answer. The circuit court erred in directing a verdict for the defendants.

The judgment will be reversed and the cause remanded for further proceedings.        REVERSED.