Argued May 1, affirmed May 9, 1916.

# FONES *v.* MURDOCK.

(157 Pac. 148.)

**Appeal and Error—Review—Presumptions.**

1. Since by express provision of Section 2510, L. O. L., only the defendant in a criminal case may appeal from the Justice's Court, it will be presumed on appeal in an action for malicious prosecution based on the criminal action, where the complaint shows on appeal that defendant was convicted in the Justice's Court and appealed.

**Malicious Prosecution—Want of Probable Cause—Appeal.**

2. A conviction, though reversed on appeal, is conclusive against want of probable cause, and will defeat an action for malicious prosecution unless it appears by allegation and proof that it was secured by fraud or perjury.

**Malicious Prosecution—Want of Probable Cause—Appeal.**

3. An attack upon a conviction to destroy its efficacy as a bar to an action for malicious prosecution depends upon the sufficiency of the allegations of the complaint.

**Pleading—Conclusions of Law.**

4. Averments that defendant knew the accusation of a criminal complaint to be untrue, and that he verified it as by law required, are mere conclusions of law, and not allegations of fact.

**Malicious Prosecution—Actions—Pleading.**

5. Complaint in action for malicious prosecution held insufficient to state a cause of action.

**Appeal and Error—Insufficient Complaint—Time for Objection.**

6. Insufficiency of the complaint to state a cause of action may be raised for the first time on appeal.

[As to what is necessary to support action for malicious prosecution, see note in 26 Am. St. Rep. 127.]

From Wallowa: JOHN W. KNOWLES, Judge.

In Banc.    Statement by MR. JUSTICE BURNETT.

This is an action by C. R. Fones against C. Murdock to recover damages for malicious prosecution. The amended complaint upon which the trial was had contains the following averments:

"That on or about the fifth day of June, 1914, the defendant herein caused to be prepared and made a criminal complaint against the plaintiff herein which

the said defendant duly verified as by law required and caused the same to be placed on file with R. Mc-Crae, justice of the peace for Wallowa district, for Wallowa County, Oregon, and that a warrant of arrest was issued thereon, and that the plaintiff herein was arrested upon the said warrant by the sheriff of the said Wallowa County, Oregon, upon a criminal charge, to wit, a charge of criminal trespass, and under and by which said arrest the plaintiff was held and detained of his liberty for a space of 12 hours, and that he was compelled to give an undertaking for his appearance in order to secure his release from custody.

"That in verifying the said criminal complaint against the plaintiff herein, and by which he was arrested and restrained of his liberty, the defendant herein was prompted by malice and knew that said accusation in said criminal complaint charging plaintiff herein with trespass was untrue, and that the said criminal complaint and the arrest and detention of the said plaintiff herein by the defendant was wrongful, unlawful and malicious and was done by the said defendant for the purpose of injuring and defaming the plaintiff herein and gaining possession of the property the plaintiff herein was accused of trespassing upon."

It is further stated, in substance, that after a trial in the Justice's Court the criminal action was appealed to the Circuit Court, where after a hearing the plaintiff in this civil action was acquitted. The remainder of the complaint is devoted to a rehearsal of damages. The amendment of the complaint was accomplished by interlineation, to which method the defendant by his counsel consented. As soon as the change was made the defendant asked leave to file a general demurrer to the new complaint, but the court denied the request on the ground that the defendant had consented to the alteration, and that the plain-

tiff had agreed that the answer to the original complaint might stand as the answer to the new one.

The answer was a general denial of the whole complaint. A motion for nonsuit made by defendant at the close of the testimony for the plaintiff raised the question of the sufficiency of the primary pleading, and was overruled. The trial resulted in a verdict and judgment for the plaintiff, and the same was set aside and a new trial ordered on motion of the defendant. Whereupon the plaintiff appealed.

AFFIRMED.

For appellant there was a brief over the names of *Mr. Cicero M. Idleman* and *Mr. J. A. Burleigh,* with an oral argument by *Mr. Idleman.*

For respondent there was a brief with oral arguments by *Mr. Daniel W. Sheahan* and *Mr. Wallace G. Trill.*

MR. JUSTICE BURNETT delivered the opinion of the court.

1. While it is not directly so stated in the complaint, we must necessarily infer that the plaintiff was convicted in the Justice's Court. We deduce this conclusion from the fact that it is stated that the criminal case was appealed to the Circuit Court. In such cases the defendant alone can appeal, and only when the judgment is that he pay a fine of not less than $20 or be imprisoned not less than ten days: Section 2510, L. O. L.

2. It is thus requisite to determine the effect to be given to a judgment of conviction which was reversed on appeal as relates to the allegation of want of probable cause. Many authorities hold that, especially

where the trial is by jury, a conviction, although subsequently set aside, is conclusive evidence of probable cause for the prosecution.  The reasoning upon which the doctrine is based is that the issue was submitted to a court of competent jurisdiction and was decided adversely to the defendant in that proceeding, which means that it has been judicially determined, not only that there was probable cause to believe him guilty, but also that there is no reasonable doubt of his guilt. An acquittal on appeal goes no further than to establish that in the judgment of another set of triers there was a reasonable doubt about his culpability, leaving the existence of probable cause for the prosecution not necessarily disturbed.  However this may be, the statement of the law most favorable for the plaintiff on this appeal is that a conviction, though afterward reversed, is conclusive against want of probable cause, and will defeat an action for malicious prosecution unless it is made to appear by allegation and proof that the same was secured by fraud or perjury: *Saunders* v. *Baldwin,* 112 Va. 431 (71 S. E. 620, Ann. Cas. 1913B, 1049, 34 L. R. A. (N. S.) 958, and note).

3. We turn to an examination of the complaint to discern whether it contains sufficient averment to overturn the conviction which we are compelled to read into that pleading.  It is utterly devoid of any charge of fraud, such as bribing a jury or witnesses, suppressing testimony, or the like.  The attack upon the conviction must depend upon whether perjury affecting the result is properly charged in the complaint.

4. The statement is that the present defendant "knew that said accusation in said criminal complaint charging plaintiff herein with trespass was untrue," which complaint "the said defendant duly verified as

by law required.'' Such averments amount only to
the pleader's conclusions of law, and do not constitute
allegations of fact. It is necessary in such cases to
state what the charge was, and also what was the
actual fact, so that the court may be able to draw the
conclusion of whether or not the former was untrue.
Again, the verification itself or the substance and
nature of the administration of the oath must be set
out to the end that the court, instead of the pleader,
may be able to say if the complaint was ''verified as
by law required.'' Still further, it is not charged
that the defendant was a witness at the trial of the
criminal case in the Justice's Court. For all that ap-
pears, the prosecution may have been supported by
truthful and credible witnesses deposing directly to
culpable acts of the plaintiff here or to circumstances
convincing the justice or the jury of his guilt. The
fault of pleading conclusions of law is discussed in
*State* v. *Chadwick,* 10 Or. 423; *O'Hara* v. *Parker,* 27
Or. 156 (39 Pac. 1004); *Zorn* v. *Livesley,* 44 Or. 501
(75 Pac. 1057); *State* v. *Malheur County Court,* 46 Or.
519 (81 Pac. 368); Id., 54 Or. 255 (101 Pac. 907, 103
Pac. 446); *Darr* v. *Guaranty Loan Assn.,* 47 Or. 88
(81 Pac. 565); *Van Buskirk* v. *Bond,* 52 Or. 234 (96
Pac. 1103); *Morton* v. *Wessinger,* 58 Or. 80 (113 Pac.
7); *Long* v. *Dufur,* 58 Or. 162 (113 Pac. 59); *Moore*
v. *Fowler,* 58 Or. 292 (114 Pac. 472); *Proebstel* v.
*Trout,* 60 Or. 145 (118 Pac. 551); *McDaniel* v. *Chiara-*
*monte,* 61 Or. 403 (122 Pac. 33); *Splonskofsky* v.
*Minto,* 62 Or. 560 (126 Pac. 15); *Shipman* v. *Portland*
*Const. Co.,* 64 Or. 1 (128 Pac. 989); *Equi* v. *Olcott,*
66 Or. 213 (133 Pac. 775); *Purdin* v. *Hancock,* 67 Or.
164 (135 Pac. 515); *Barnard* v. *Houser,* 68 Or. 240
(137 Pac. 227); *Templeton* v. *Cook,* 69 Or. 313 (138

Pac. 230); *Farrell* v. *Kirkwood*, 69 Or. 413 (139 Pac. 110).

By necessary inference the complaint shows a conviction of the plaintiff in a court of competent jurisdiction, but does not state enough to destroy the conclusiveness of the judgment as evidence of probable cause for the prosecution.

5, 6. The complaint upon which this action was tried was subject to the objection that it does not state facts sufficient to constitute a cause of action. This may be raised at any time, even for the first time on appeal to this court. The Circuit Court should have permitted the defendant to file his proposed demurrer and should then have sustained it.

For these reasons, the judgment granting a new trial is affirmed. Affirmed.