Submitted on briefs March 6, reversed March 19, 1918.

## JOHNSON *v.* CRAWFORD.

(171 Pac. 568.)

**Dedication—Platting and Sale.**

1.   When the owner of land plats it and sells lots with reference to the plat, he thereby dedicates the streets marked on the plat.

[As to dedication by maps and plats, see note in 10 **Am. St. Rep.** 189; 129 **Am. St. Rep.** 576.]

**Dedication—Platting and Sale—"Acceptance."**

2.   Where the owner of land plats it and sells lots with reference to the plat, the purchase of lots with reference to the plat constitutes an "acceptance" of the grant made by the owner to the public.

**Highways—Enjoining Obstruction—Special Damage.**

3.   To enjoin the blocking of a roadway, plaintiffs must show special damage to themselves as the result of the acts complained of.

From Multnomah: ROBERT G. MORROW, Judge.

In Banc.   This is a suit brought to enjoin defendant from blocking a strip of land nine feet wide and approximately six hundred and sixty feet long, which plaintiffs claim to be a roadway.   Plaintiffs allege that they are owners of real property in the immediate vicinity of the strip of land in question and that if defendant blocks the alleged roadway they "will suffer peculiar and irreparable damage to their several properties, in addition to and exclusive of that suffered by the general public."

These allegations are denied by defendant except that he admits the ownership by three of the plaintiffs of lands in the vicinity.   It is alleged and admitted by the pleadings that in 1882 Van B. De Lashmutt and Harrison B. Oatman acquired a large tract of land including the strip in dispute.   In 1885 they conveyed ten acres of this land to Hattie Murtha, from whom defendant deraigns title.   The grant was qualified by the following language contained in the deed:

"Reserving a strip of land off from the west side thirty (30) feet in width, which is dedicated for a public roadway."

The Murtha title passed through mesne conveyances to defendant, each deed containing the language above quoted. The property in dispute is the westerly nine feet of the strip thirty feet wide mentioned in all these deeds.

In 1889 De Lashmutt and Oatman platted the property adjoining the defendant's tract on the west and dedicated a street twenty feet wide on the east of the plat as Van Ness Avenue. While defendant does not admit it, the evidence shows that this street encroaches nine feet on the strip reserved at the west end of defendant's land. Plaintiffs claim to be owners of portions of the tract platted in 1889. They allege that the use of the strip is necessary as a means of access to the county road and that it is constantly used as a roadway. Defendant disputes these claims and asserts title by adverse possession.

Defendant's immediate predecessor in interest was Blanch McN. Moore. In 1908 she brought an action of trespass against three of these plaintiffs and against other parties, charging that they had destroyed her fence on the strip thirty feet wide on the west side of her property. This litigation reached this court and was disposed of by Mr. Justice BURNETT in an opinion in 58 Or. 292 (114 Pac. 472).

In the instant case the lower court enjoined defendant from erecting and maintaining a fence on the tract in dispute and adjudged that this tract is a public highway. Defendant appeals.

REVERSED.   SUIT DISMISSED.

For appellant there was a brief submitted by *Mr. Enoch B. Dufur.*

For respondents there was a brief prepared by *Messrs. Beach, Simon & Nelson.*

McCAMANT, J.—1, 2. When the owner of land plats it and sells lots with reference to the plat he thereby dedicates the streets marked on the plat: *Carter v. Portland,* 4 Or. 339, 345; *Spencer* v. *Peterson,* 41 Or. 257, 259 (68 Pac. 519, 1108); *Christian* v. *Eugene,* 49 Or. 170, 172 (89 Pac. 419); *Silverton* v. *Brown,* 63 Or. 418, 424 (128 Pac. 45); *Nicholas* v. *Title & Trust Co.,* 79 Or. 226, 240 (154 Pac. 391, Ann. Cas. 1917A, 1149). In such case the purchaser of lots with reference to the plat constitutes an acceptance of the grant made by the owner to the public: *Christian* v. *Eugene,* 49 Or. 170, 173 (89 Pac. 419).

Such of the plaintiffs as are admitted to own land in the platted tract west of defendant's property are entitled to use the streets dedicated by De Lashmutt and Oatman when they recorded the plat. But these parties could not dedicate what they did not own. The strip of land in dispute was not owned by De Lashmutt and Oatman in 1889 when they recorded this plat. They had parted with title to it when they conveyed the ten acre tract to Hattie Murtha in 1885.

The only ground on which the strip in controversy can be held to be a roadway is the reservation above quoted, which is found in the deeds to Hattie Murtha and her successors in interest. It was held by Mr. Justice BURNETT, in *Moore* v. *Fowler,* 58 Or. 292, 297 (114 Pac. 472), that "the reservation in the deed as above quoted amounts only to an offer on the part of the grantor to dedicate the roadway to public uses,

and there can be no dedication under such circumstances until the same is accepted by the county." It appears affirmatively in this case that there has been no such acceptance.

3. There is another reason why plaintiffs have failed to make out a case. They are not entitled to enjoin the acts of defendant in blocking the alleged roadway without showing special damage to plaintiffs as the result of the acts complained of. They allege such special damage, but this allegation is denied and they have furnished no evidence to maintain their contention on this issue. The pleadings admit that three of the plaintiffs own property in the vicinity, but it does not appear that they have occasion to travel the alleged road.

It follows that the decree of the lower court is reversed and a decree will be entered here dismissing the suit.                    REVERSED.    SUIT DISMISSED.