Argued November 30, 1921, affirmed January 3, 1922.

## BAKKE *v.* JOHNSON.

(202 Pac. 1091.)

**Pleading—Allegation of Existence of Road Held Sufficient.**

1. An allegation in the complaint ''that appurtenant to and abutting on said property on the south side there was at all times, and now is, a public road about 30 feet in width,'' states an ultimate fact, and not a conclusion of law.

**Highways—Relief to Abutting Owner on Account of Obstruction Held to Depend on Question Whether Injury is to Himself as Distinguished from General Public.**

2. Relief to an individual on account of the obstruction of a highway in front of and abutting on his premises depends on whether it impairs his private right of ingress to and egress from his holding, which constitutes an injury to himself not suffered by the general traveling public, and forms a basis for an action for damages against the tort-feasor who makes the obstruction, or in proper cases, for a suit to enjoin the continuance of the nuisance.

**Dedication—A Public Road may be Established by Dedication.**

3. A public road, as distinguished from what are known as county roads, may be established by dedication.

---

2. Right of private individual to abate obstruction preventing or interfering with access to street, see note in 11 **Ann. Cas.** 287.

**Dedication—Sale of Land from Plat With Streets Marked Thereon Constitutes Dedication of Streets.**

4. When a land owner plats the land and sells lots with reference to the plat, he thereby dedicates the streets marked thereon.

**Dedication—When Sale of Land from Map With Streets Marked is Disclosed, It is Sufficient to Take Question of Dedication to the Jury.**

5. When a sale of land from a map with streets marked thereon is disclosed, it is enough to take the case to the jury on the question of a road created by dedication.

**Dedication—Evidence Held Sufficient to Go to Jury.**

6. Evidence of dedication of a highway as a public road and of plaintiff's injury from an obstruction thereof, held sufficient to take the case to the jury.

From Douglas: J. W. HAMILTON, Judge.

Department 1.

AFFIRMED.

For appellant there was a brief over the names of *Mr. John T. Long* and *Mr. George Neuner, Jr.,* with an oral argument by *Mr. Long.*

For respondent there was a brief and oral argument by *Mr. Albert Abraham.*

BURNETT, C. J.—It is admitted, as alleged in the complaint, that at all times mentioned in the pleadings the plaintiff was and now is the owner of a certain tract of land in Douglas County, Oregon, described as lots 2 and 10 in Melrose Orchards, as the same are platted and of record in the office of the county clerk of said county. The complaint avers, "that appurtenant to and abutting said property on the south side there was at all times and now is a public road about thirty feet in width." This is denied by the answer. The substance of the remainder of the complaint is, that on a date mentioned the defendant constructed across the roadway a fence which cut off and prevented the plaintiff from having ingress

to or egress from his premises over that road, whereby he was deprived of the use and enjoyment thereof, with the result that in order to haul his produce to market and go to and from his premises he was compelled to take a much longer road of more difficult grade. He claims damages in the sum of $400. Except as stated in the first instance as to the ownership of the property, the complaint is denied by the answer.

At the close of a jury trial the defendant moved the court for a directed verdict, on the following grounds:

"First: That it is not alleged in the complaint nor in the pleadings that such road or highway is a dedicated highway or road.

"Second: That the plaintiff fails to allege any facts which show or tend to show the existence of a public road or highway.

"Third: That there is no allegation in the pleadings of the plaintiff, nor is there any competent proof of testimony that the plaintiff sustained any injury or damage to himself not common to the general public.

"Fourth: That the pleadings and the proof show that the road—the public road in question, and for which damages are claimed—does not constitute the only means of ingress to or egress from the plaintiff's real estate and premises to his place of market; and further, if the pleadings and proof tend to show anything, they tend to show that plaintiff was or would be subjected to personal inconvenience by the obstruction in traveling by a more circuitous route to and from his place of market, and which facts are insufficient to show any special elements of damages or other damages or inconvenience except such as has been common to other citizens having occasion to travel upon or along said public road.

"Fifth: That there is no evidence which tends to show that defendant fenced up said public road.

"Sixth: That plaintiff has wholly failed to prove that the defendant obstructed said road by building a fence across the same."

The court sustained this motion, and afterwards, on motion of the plaintiff, set aside the verdict and consequent judgment upon it and awarded a new trial. From this order the defendant appealed.

1. The principal contention for the defendant is, that the complaint does not state facts sufficient to constitute a cause of action. He argues that the averment, "that appurtenant to and abutting said property on the south side there was at all times and now is a public road about thirty feet in width," is no more than a conclusion of law. We cannot approve this contention. Whether or not there is a public road is a question of fact. This allegation is to be distinguished from the one in *Moore* v. *Fowler*, 58 Or. 292 (114 Pac. 472), upon which the defendant relies. There, the statement was as follows: "That there was duly laid out and dedicated to the public for a street and highway a strip thirty feet in width," etc. It was pointed out in that case that while it was permissible in pleading performance of conditions precedent in a contract, to say generally that the party duly performed all of the conditions on his part, it would not be sufficient to say that the street was duly laid out and dedicated to the public. Whether the transaction is "duly" accomplished or not, does indeed involve a conclusion to be drawn from undisclosed facts. In that case the attempt was to state the resultant of unmentioned probative facts. Here, the pleading states the ultimate fact, and is within the rules of good pleading.

2. Again, it is contended that the plaintiff does not show any injury to himself not common to the general

public which has occasion to use the road in question. Among others, the defendant cites the case of *Van Buskirk* v. *Bond,* 52 Or. 234 (96 Pac. 1103). That was a suit to enjoin an alleged public nuisance obstructing a road. The sound principle is there enunciated, that a private individual cannot restrain a public nuisance resulting from the obstruction of a public highway, unless he sustained some damage differing in kind from that suffered by the general public. The denial of relief in that case was based upon this principle, applied to the facts, that it did not appear that the plaintiffs' lands abutted upon the roads mentioned, or that they were the only highways passing to and from their premises. Hence, it did not appear but that the plaintiffs suffered only such inconvenience as would accrue to any other member of the public having occasion to travel on that road. The distinction is pointed out in such cases as *Sandstrom* v. *Oregon-Washington R. & N. Co.,* 75 Or. 159 (146 Pac. 803), and *Bostwick* v. *Hosier,* 97 Or. 126 (190 Pac. 299). It depends upon the fact that obstruction of a highway in front of and abutting upon the premises of the plaintiff impairs his private right of ingress to and egress from his holding, which constitutes an injury peculiar to himself not suffered by the general traveling public, and forms a basis for an action for damages against the tort-feasor who makes the obstruction, or in proper cases for a suit to enjoin the continuance of the nuisance.

3, 4. With an allegation that there was at all times and now is a public road appurtenant to and abutting upon the property, it was competent for the plaintiff to prove this by means of proper testimony to overcome the defendant's traverse. A county road may

be laid out by proceedings conforming to the statute on such subjects. A public road as distinguished from what are known as county roads may be established by dedication. As said in *Johnson* v. *Crawford,* 88 Or. 125 (171 Pac. 568), by Mr. Justice Mc-CAMANT:

"When the owner of land plats it and sells lots with reference to the plat, he thereby dedicates the streets marked on the plat."

5, 6. When such a transaction is disclosed, it is enough to take the case to the jury on the question of a road created by dedication. There is evidence in the record to the effect that a considerable acreage of land of which the plaintiff's premises are part, was platted into small tracts by the Southern Oregon Orchard Company, the owner thereof, and a map thereof made by that company, upon which are delineated not only the boundaries of the different lots, but also certain roads; that this plat was filed for record in the county clerk's office in Douglas County; and that the agent of the company who negotiated the sale to the plaintiff, of his tract, exhibited to him the map and pointed out the various roads designated thereon, among others the one the plaintiff complains is obstructed.

It is also in evidence that the defendant at all times was the principal stockholder and president of the Southern Oregon Orchard Company. The report of the testimony is unintelligible in places where, with the map before them, witnesses would point to it and say, for instance, "I live about there," or "The schoolhouse is situated about here," without marking the spot to which they pointed, so that anyone reading the report might understand what is meant. There is, however, enough in the record to take the

question to the jury, not only of the dedication of the highway, but of the plaintiff's peculiar injury, differing from that suffered by the general public, authorizing him to litigate the question in his own name and to recover damages for the invasion and curtailment of his right of access to the property, or egress therefrom. The case of *McCoy* v. *Thompson*, 84 Or. 141 (164 Pac. 589), contains an exhaustive discussion of this subject in an opinion written by Mr. Justice HARRIS.

The original ruling of the Circuit Court in directing a verdict for the defendant was erroneous. Its action in setting aside the verdict and judgment and awarding a new trial was proper and is affirmed.

AFFIRMED.

McBRIDE, HARRIS and RAND, JJ., concur.